### MARSHALL A. LEWIS & CO. v. JAMES L. LOCKE.
### HOMER, BISHOP & CO. v. SAME.

*Writs. Amendments. Pleading. Statute.*

Amendments of writs are not allowed that change the parties to actions; but where a suit is brought only in the firm name of the plaintiffs who are partners, an amendment by inserting the individual names of the members of the firm, is allowable, whether it be by inserting the christian name only, or a full name.

Where the plaintiffs were not named in their writ except as Marshall A. Lewis & Co., it was *held* that the court properly granted leave to amend by inserting the name of Edward Warner, who was one member of said firm, Marshall A. Lewis being the other.

Also, where the plaintiffs were not named except as Homer, Bishop & Co., an amendment by inserting the name Samuel John M. before Homer, and the name John O. before Bishop, was *held* allowable. Gen. Sts., ch. 30, § 41.

THE case *Marshall A. Lewis & Co.* v. *James L. Locke* was an action of assumpsit commenced before a justice of the peace, and

came to the county court by appeal, and was entered September term, 1865. The plaintiffs were not named in their writ except as Marshall A. Lewis & Co. At the September term, 1866, the plaintiffs moved for leave to amend by inserting the name of Edward Warner as a member of the firm of Marshall A. Lewis & Co., to which the defendant objected; but the objection was overruled by the court, BARRETT, J., presiding, and the amendment ordered to be made, to which the defendant excepted.

April term, 1867, judgment was rendered for the plaintiffs.

The case *Homer, Bishop & Co.* v. *James L. Locke* was an action of assumpsit brought before a justice of the peace, and came to the county court by appeal, and was entered September term, 1865. The plaintiffs were not in any manner named in their writ except as Homer, Bishop & Co. At the September term, 1866, the plaintiffs moved for leave to amend by inserting the name Samuel John M. before Homer, and the name John O. before Bishop, as the christian names of said parties, to which the defendant objected; but the motion was granted, to which the defendant excepted.

April term, 1867, judgment was rendered for the plaintiffs.

These cases were heard together in the supreme court.

*H. H. Wheeler*, for the defendant, cited Gen. Sts., 267, § 41; 24 Vt., 285; 11 Vt., 359; 21 Vt., 314.

*H. E. Stoughton*, for the plaintiffs, cited *Waterman* v. *Hall et al.*, 17 Vt., 128; *Emerson* v. *Wilson*, 11 Vt., 357; *Bowman* v. *Stowell*, 21 Vt., 309; *Dean* v. *Swift et al.*, 11 Vt., 331; 10 Johns., 214; *Pease* v. *Morgan*, 7 Johns., 468.

The opinion of the court was delivered by

PIERPOINT, C. J. The only question presented is as to the legal right of the county court to allow the amendment of the plaintiffs' writ as was done in this case.

The county court having allowed the amendment, and the case having thereafter proceeded to a hearing and final judgment, this court will not now vacate that judgment, unless it clearly appears that the county court were wrong in their action; and, in decid-

ing the question, we are to presume that all such facts were, made to appear before that court as would naturally exist in such a case, in the absence of anything to show the contrary. We may assume that the plaintiffs were copartners in business under the name and style of Marshall A. Lewis & Co., and, as the action is assumpsit, that it is based upon some contract entered into by the defendant with them, in their copartnership name, and that the defendant knew the persons with whom he was dealing, and who were in fact contracting under this copartnership name.

The suit is brought in the name of Marshall A. Lewis & Co., and the defendant is called upon to answer to that firm. He could have no doubt as to who the plaintiffs were. He dealt with them under that name; it is the name by which they are known to the business community, and the only name in which they can legitimately carry on their copartnership business; it is the only name the company has, and in it they transact all their business, binding themselves and those with whom they deal; and in all this they have no occasion to use the individual names of the persons that compose the firm. But when they bring a suit and come into court as plaintiffs, the law requires that they shall in the writ insert their individual names, and describe themselves as copartners doing business under the name and style of Marshall A. Lewis & Co. This they did not do; and when the case came into the county court, they moved for leave to amend by inserting their individual names and describing themselves as copartners, etc. The leave was granted and the amendment was made. Was there error in this?

Our statute which has been in force since an early day, provides that the court may permit either of the parties to amend any defect in the process or pleadings, upon such conditions as the court shall prescribe. Under this provision, it has been repeatedly held that amendments can not be allowed which change the parties, or the cause of action, but that in almost every other respect amendments may be made. 21 Vt., 309. By a more recent statute courts are authorized to allow alterations in the christian names of the parties.

Did the amendment which was allowed change the name of the

plaintiffs in this suit ? The action was brought by the company, for their benefit, upon a contract made with them, and in the name of the company. It now stands as a suit by the company, for their benefit, on a contract made with them, and in the company name. No party has been introduced by the amendment, that was not substantially there before, appearing in the name of the company. The amendment only makes the description of the plaintiffs more definite and specific, by spreading upon the record the names of the individuals who compose the company which brought the suit. This is not a change of the party : it is only a different description of the original party.

The rule is the same in respect to the cause of action. No amendment will be allowed that introduces a new cause of action ; yet, if on trial the plaintiff discovers that there is a variance between the cause of action alleged in the declaration and that proved, the court will always allow an amendment to make the declaration and proof correspond, provided they are satisfied the cause of action proved, is the same as that which the plaintiff brought his action to enforce. This is not introducing a new cause of action, but a different description of the old one.

Judgment affirmed.

### HOMER, BISHOP & Co. v. JAMES L. LOCKE.

The views above expressed apply equally to this case ; and, in addition, we think the amendment comes fairly within that provision in the statute that allows amendments in respect to the christian names of parties.

Judgment affirmed.