[See Starr v. Stark, Case No. 13,317, note.]

## Case No. 4,607.

### The FAIRBANKS.

## Case No. 4,608.

### FAIRBANKS et al. v. JACOBUS.

[14 Blatchf. 337; 3 Ban. & A. 108.] [1]

Circuit Court, S. D. New York.  Oct. 15, 1877.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge; reprinted in 3 Ban. & A. 108, and here republished by permission.]

Lucius E. Chittenden, for plaintiffs.
Reed & Drake, for defendant.

JOHNSON, Circuit Judge. This motion is made for a preliminary injunction to restrain the defendant from the use of the words "Fairbanks' Patent" upon platform scales, and from making or selling an imitation of Fairbanks' scales. This preliminary relief is sought substantially upon the grounds of imitation of the article made and sold by the plaintiffs, and of violation of the plaintiffs' alleged trade-mark. No question of violation of patent right is involved, for there is no claim by the plaintiffs that the scale complained of is, either in the whole, or in any part, an invasion of any existing patent owned by the plaintiffs. Indeed, it is not claimed, on the part of the plaintiffs, that any part of their scale alleged to be imitated is protected by any existing patent, or that any existing patent owned by them applies to their own scale, except a small and unessential, though useful, addition to the scale frame, by which the oscillation of the weighing beam is prevented, under certain circumstances. This addition, which the scale complained of does not possess, is secured by an existing patent to the plaintiffs, and bears the proper words required by statute. "Patented Feb. 11, 1862," cast upon it.

The alleged imitation, as claimed by the plaintiffs, consists in this, that the scale complained of, as to the iron castings entering into its structure, was made by using the corresponding parts of a scale made by the plaintiffs, to form the moulds for those castings; and that the general shape and arrangement, as well as the color and external appearance, are imitated from the plaintiffs' scale so nearly that only an expert in scales could distinguish the difference between them. While, as matter of fact, I should, after an inspection of the two scales, not think the discrimination so very difficult, yet it may be taken to be not only difficult, but impossible, to discriminate between them. That fact does not give the plaintiffs any right. Their patents, while they existed, (and those concerned terminated in or about 1845,) protected them in the essential structure of their invention, but exterior form, painted color, and such non-essentials, were not, and could not be, the subject of the patents, and did not, and could not, secure these to the plaintiffs. Much less could these be secured as a trade-mark, for, a trade-mark is always something indicative of origin or ownership, by adoption and repute, and is something different from the article itself which the mark designates. An invention of structure a patent for the invention secures; a design is secured by a patent for that. Apart from these, any one may make anything in any form, and may copy with exactness that which another has produced, without inflicting any legal injury, unless he attributes to that which he has made a false origin, by claiming it to be the manufacture of another person. Any other doctrine is impossible to be maintained; for, otherwise, all the colors, all the unessential forms, could be monopolized as trade-marks, and exclusive rights would be created, not limited in time, as patents are, founded upon no public utility, and subject to no control but the will of the adopter. I think there is no difference in the cases on this subject. Amoskeag Manuf'g Co. v. Spear, 2 Sandf. 599; Gillott v. Esterbrook, 47 Barb. 455; Newman v. Alvord, 49 Barb. 588. I conclude, therefore, that there is no invasion of the plaintiffs' rights, in the purposed and actual identity, both of structure and appearance, in the scales in respect to which the defendant is sued, with those which the plaintiffs manufacture.

The case does not, however, rest here. On the base of the platform of what I may call the defendant's scale, are cast the words, "Fairbanks' Patent," with the number indicative of size, 11, and upon the weigh beam are stamped the words "Fairbanks' Patent." These are all the words which appear upon these scales, which can be the foundation of a charge of invasion of trade-mark, and, indeed, are all the words or figures upon any part of the scale. The same words appear on corresponding parts of the plaintiffs' scale, and, if they constitute a legal trade-mark, I shall assume, for the present purpose, that the defendant's scales violate it. Are these words a name of origin, or a name of quality, indicating structure? Whatever they are in the one scale, they are, also, in the other. In some of the plaintiffs' scales their origin is signified by a quite different mark: "Fairbanks' Standard, made only by E. & T. Fairbanks & Co., St. Johnsbury, Vermont." This is a valid trade-mark of the plaintiffs, but does not appear upon their scale produced in

court. The other words must be understood as claiming that the thing on which it appears is protected by a patent. Especially is it thus localized and referred to the particular parts on which it appears, when, upon another part, is found the proper patent mark, which is necessary to support an action for an infringement, in the absence of notice, under section 4900 of the Revised Statutes. This gives significance to the use of the other marks, and makes the conclusion almost irresistible, that the purpose of the other words, on the beam and the frame, are to impress upon the incautious public, that the scale is the subject of a patent, and, therefore, not open to competition in manufacture or sale. I agree, on this point, with the position of the plaintiffs' counsel, in his printed points, that "it is an error to suppose that even the patentee may so stamp his articles and deceive the public after the expiration of his patent"—citing Leather Cloth Co. v. American Leather Cloth Co., Am. Trade Mark Cas. 688, 713. And I add, in confirmation of this view, the decision of Judge Cadwalader, in the Eastern District of Pennsylvania, October 4th, 1875, in Consolidated Fruit Jar Co. v. Dorflinger [Case No. 3,129], upon reasons which seem to me quite satisfactory, and by which, on a motion for a preliminary injunction, I ought to be guided. It is, of course, no answer, that the defendant is, at least, guilty of the same fault, or even a greater. The plaintiffs fail to make these words out to be a lawful trade-mark, and, of course, cannot maintain upon them their claim for relief.

As to the charge that the defendant threatens various supposed wrongs to the plaintiffs, in imitating their manufacture, and that he represents his scales to be of the plaintiffs' make, the allegations are not so made out as to satisfy my mind of their substantial truth. Byam v. Bullard [Id. 2,262]. I doubt whether the defendant meant anything beyond the assertion of a right to use the words on the scale, which had been for many years openly used by him and his predecessors, under claim of right, and for some time, at least, and to some extent, with the knowledge of the plaintiffs or their predecessors.

Certainly, if the words "Fairbanks' Patent" do not mean to assert the existence of a patent securing the scales, but only that they are made in conformity with, and embody the invention of, the expired Fairbanks' patent, they are free to all the world. What is not free is, to pretend that a scale is made by one person, which is, in fact, made by another.

In trade-mark cases, it is by no means of course to grant preliminary injunctions, even where the plaintiff's case seems to be made out; and I shall, therefore, leave the further consideration of the case to the final hearing, when the questions as to the defendant's claim of right to the use of the words, "Fairbanks' Patent," and the other questions of fact just referred to, and the unexplained circumstances and terms of the writing claimed

to have extinguished the right of Chamberlain, can, if necessary, be further considered. The motion for an injunction must be denied, and the order heretofore made, granting an injunction till the decision of the motion, must be vacated.