APEGUES, Ex parte. See Case No. 10,907.

APLINGTON, (BARRETT v.) See Case No. 1,045.

## Case No. 496.

APOLLINARIS BRUNNEN v. SOMBORN.

[14 Blatchf. 380.][1]

Circuit Court, S. D. New York. Jan. 16, 1878.

TRADE-MARKS—ARBITRARY WORDS—INFRINGEMENT.

The use, on labels and bottles, of the word Apollinis, in connection with the representation of a bow and arrow or anchor, was restrained, by preliminary injunction, on account of the similarity between them and the word Apollinaris and the representation of an anchor,

[1][Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

as before used by the plaintiff. as being calculated and designed to induce the supposition, by users and dealers, that the waters of the defendant. so marked, were the waters of the plaintiff; but the plaintiff was ordered to give a bond to pay all damages to the defendant, if it should be finally determined that the plaintiff was not entitled to the injunction.

[Cited in Glen Cove Manuf'g Co. v. Ludeling, 22 Fed. 826.]

[See McLean v. Fleming, 96 U. S. 245; Carbolic Soap Co. v. Thompson, 25 Fed. 625; Hostetter v. Vowinkle, Case No. 6,714.]

In equity.

Rowland Cox, for plaintiff.

Edward T. Bartlett, for defendants.

WHEELER, District Judge. Upon the hearing of the motion of the orator for a preliminary injunction in this cause, it is considered, that the use, by the defendants, on their labels and bottles, of the word "Apollinis," in connection with the representation of a bow and arrow, or anchor, as used by them, on account of the similarity between them and the word "Apollinaris" and the representation of an anchor, as before used by the orator, is calculated to lead those using and dealing in such waters, to suppose that the waters of the defendants, so marked, are the waters of the orator; and, as there is no other reason apparent, that the use of these symbols was adopted for that purpose. Wherefore, it is ordered, that, upon the filing a bond to the defendants, in such penal sum as shall be fixed by the clerk, as a master of this court, with good surety approved by him, conditioned for the payment of all damages to the defendants, in case it shall finally be determined, in this cause, that the orator is not entitled to this injunction, a writ of injunction do issue, to restrain the defendants from the further use of the word "Apollinis," and such representation of an anchor, or bow and arrow, in connection with the sale of their waters, until further order in the premises.