## Case No. 5,110.

FRESE et al. v. BACHOF.

[14 Blatchf. 432;[1] 13 O. G. 635; Cox, Manual Trade-Mark Cas. 346.]

Circuit Court, S. D. New York. March 22, 1878.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

Arthur v. Briesen, for orator.
Edwin M. Wight, for defendant.

WHEELER, District Judge. This cause has been heard on bill, answer, replication, proofs and argument. The bill is brought by Christel F. H. Frese alone, claiming to stand upon rights acquired by a firm to methods of identifying their wares, of which he alleges himself to be now the sole member. The defendant does not admit any right to the orator, but leaves him to his proof. The proof shows Edward George Schroeder to be a member of the firm equally with the orator, and, whatever right it does show in respect to the matter of the bill, it shows to belong to the firm. As the case stands, the orator has no right to be protected in this form, and, if it should proceed to a decree, the bill would have to be dismissed. But, the bill is brought in the firm name and right, and has been litigated in that right, and the want of the other member is a defect that can be cured by amendment. Lewis v. Locke, 41 Vt. 11. Under such circumstances, where a case appears to be meritorious, it is not usual to proceed to a decree without affording an opportunity to amend upon some terms. Story, Eq. Pl. § 236. This consideration makes it necessary to inquire into the merits of this case.

The orator's firm have not any patent on the compound called "Hamburg Tea." The manufacture and sale of that article are open to all persons. Nor is it in the bill directly alleged, nor does the bill appear to proceed on the ground, that this name was appropriated and used by them to identify their production. So, for aught that appears, all persons are at liberty to apply that name to their own manufactures. The proof shows clearly that the name of the orator's firm has long been used in this business, and that the wares of the firm, of this sort, came to be known by it. It also shows, that this firm is a successor of the former one. Whether it is or not is a question of fact, and this fact could be and has been established by parol proof. The trade-marks of the firm were partnership property, and would pass to the successors. Colly. Partn. (6th Ed.) § 117, note. The defendant does not claim the right to use the firm name of the orator's firm, nor their registered trademark, and there is no question made about those. But the orator claims that his firm and their predecessors have long been accustomed to pack this article in long cylindrical packages, with pink wrappers, and to have a crimson paper of directions, and yellow ones of warning, tied in with each package, and their firm name printed across a white label within a circle pasted across the ends of the string, and the same embossed with the words "Hamburg, Hopfensack, 6," on another white label pasted on the package, so that the package, by its form and colors, would be at once known by its general appearance, without taking time to read anything on it; and that their wares have come to be well known as theirs by the appearance of the packages. They have the exclusive right to sell their wares as their own, and no other person has any right, by any means, to palm off any other wares than theirs as theirs. And, if any person does utter any other wares than theirs as theirs, an action at law would lie. And, whenever there is danger that this would be done so often as to occasion multiplicity of suits, or so as to work irreparable injury, a court of equity would interfere by injunction. The orator's proof shows that the firm has long used this style of package. It also appears, that the defendant at first openly used the style of package and firm name; that, in obedience to warning, he discontinued the use of the name on the outside of the package; and that, under the pressure of legal proceedings, he has stopped the use of that altogether, and that of the words "Hopfensack, 6," but that he still continues the exact form and style of package, substituting his own name merely for that of the firm, on the labels. The exact question is, whether this is a simulation of his wares for those of the orator's firm, calculated to have them pass for the orator's firm's wares. Probably, no mere form of a package would ever alone amount to a representation, capable of deceiving, that the wares contained in it were those of any particular make. But, when the form of these packages, the color of the wrappers and papers done up with them, and the form and color of the labels, are considered all together, it is quite apparent, that, when they had been so long used by the orator's firm for holding this particular compound when offered for sale, the mere appearance of the packages would amount to a representation, that they contained that article, of that manufacture. It is equally

obvious, that the very slight changes made by the defendant in the general appearance of his packages used by him now, would not put the general public purchasing such articles on their guard; and that the use of such packages for a similar article would amount to a forcible representation, that it was the same article that the orator's firm had been accustomed to pack in that way. And, when the mode in which the defendant commenced using such packages, and the various steps by which he has been brought to his present method, are considered, there does not seem to be any fair question, but that his use of them now is for the purpose of passing off his wares for those of the orator's firm. Upon this view of the case, it seems, that, with the proper parties before the court, the defendant should be restrained by injunction from making the use he does of these symbols.

Let the cause stand, with leave to the orator to move for an amendment, if he shall see cause, within thirty days; otherwise, let a decree be entered, dismissing the bill of complaint, with costs, but without prejudice.

2 [Motion to amend bill. This cause has been further heard on the motion of the orator for leave to amend the affidavit of A. v. Briesen, solicitor, in support thereof and briefs of counsel. From the whole case it appears that the firm of J. C. Frese & Co. consisted of two members. This cause was brought by one member, in the name of the firm, without joining the other member. The whole litigation has been carried on with reference to a right of the firm to protection and relief against the defendant; and it has been carried on in precisely the same manner that it would have been if the other member had joined in the bill as an orator, so far as has been made to appear or is claimed. The cause of action that has been litigated is exactly the same that the bill will cover if the amendment is allowed and made. It is urged in opposition that the court has no power to permit an amendment to be made that will change the cause of action. This is considered to be true when the amendment would bring in a cause of action not before involved; and that is the sense in which the remark of the supreme court of Vermont, in Lewis v. Locke, 41 Vt. 11, quoted in the defendant's brief, was used. A necessary amendment always changes a cause of action in another sense, as when it changes what would be no cause of action to a good one, or one that the proof will not support to one that it will, or one imperfectly described to one well described. In this case the cause of action in the name of the firm is well set forth, but the firm itself is not properly described and represented. The amendment will cure that imperfection, which is precisely what was done in the case cited. And it may be done at this

stage of the cause. Tremaine v. Hitchcock, 23 Wall. [90 U. S.] 518. It is also argued that the orator should not be favored because he seeks to restrain dealing in the well-known compound involved called "Hamburg Tea." But that is not the relief sought, nor that to which the firm is thought to be entitled; but it is that the defendant shall not pass off tea of this sort, of his own or others' manufacture, for that of the orator's firm. This is not claiming any monopoly, nor fostering one, but is merely claiming and protecting a right of that firm that is common to all persons. On the whole, it is considered that the amendment should be allowed, but that the orator should recover no costs of the proceedings in the cause while it was so situated that it could not proceed to a final decree in his favor; and the defect was one of which he must have had knowledge, although probably he had no knowledge of its effect. Let an order be entered granting leave to amend the bill of complaint by permitting said Johann Siegmund Schroeder to appear as a party complainant therein in his right as a member of the firm of J. C. Frese & Co. at any time before the 15th day of May, 1878; and, upon such appearance, let a decree be entered for the orators according to the opinion hereinbefore filed, with costs to the orators after the appearance; and if he does not so appear, let a decree be entered dismissing the bill of complaint with costs, but without prejudice.

[Decree: This cause having come on to be heard upon the bill of complaint herein, the answer of the defendant, E. Bachof, the replication of the complainants to such answer, the amendment to the bill of complaint duly entered in the order-book, and the proofs—oral, documentary, and written—taken and filed in said cause, and the same having been argued by counsel for the respective parties, and it appearing that the firm of J. C. Frese & Co. is exclusively entitled to the style and arrangement of packages mentioned in the bill of complaint for containing the medical compound known as "Hamburg Tea," manufactured and sold by said firm, and also to the exclusive use of its registered trade-mark, mentioned in said bill of complaint, and that the defendant has infringed the rights of the complainants by manufacturing, using, and selling what purports to be "Hamburg Tea," in packages of substantially the same style and arrangement as those to which the complainants' firm, of J. C. Frese & Co., is exclusively entitled, and also by applying to said packages the complainants' said registered trademark: Now, therefore, in consideration thereof, it is ordered, adjudged, and decreed, and the court doth hereby order, adjudge, and decree as follows, viz.: (1) That the said complainants do recover of the defendant those costs and charges and disbursements in this suit—to be taxed—which accrued after Johann Siegmund Schroeder has

2 [From 13 O. G. 635.]

been made a party complainant herein in his right, as a member of the complainants' firm of J. C. Frese & Co. (2) That the said complainants do recover of the defendant the damages which the complainants have sustained by, and compensation for, the manufacture, use, and sale by said defendant of medical or other goods contained in packages made in imitation of the style and arrangement of complainants' packages, set forth in the bill of complaint, or resembling the same so nearly as to be calculated to deceive. (3) That the said complainants do recover of the defendant the damages which the complainants have sustained by, and compensation for, the manufacture, use, and sale by the defendant of medicinal or other goods contained in packages to which the complainants' registered trade-mark No. 1,-946, or substantially the same, or so nearly resembling it as to be calculated to deceive, was affixed. (4) That Joseph M. Deuel, of the city of New York, N. Y., be appointed master to ascertain and take and state and report to the court the number of packages containing medical or other goods manufactured or put up, and the number sold, by the defendant, or on his behalf, in infringement of the style and arrangement of the complainants' package, and the number of such packages now on hand; and also the number of packages manufactured or put up, and the number sold by the defendant, or on his behalf, having the complainants' registered trade-mark No. 1,946, or substantially the same, or so nearly resembling the same as to be calculated to deceive, affixed thereto, and the number of such packages on hand; and also the gains, profits, and advantages which the said defendant has received, or which have arisen or accrued to him by reason of such infringements, and the damages suffered by the complainants, and the compensation due the complainants by virtue thereof. (5) That the said master, on such accounting, shall have the right to cause an examination of said defendant, and of other witnesses, to be had ore tenus or otherwise, and shall have the right to order the production of the books, vouchers, and documents, and other memoranda of said defendant, his agents, servants, and attorneys; and that the said defendant and other necessary witnesses attend for such purpose before said master from time to time, as such master shall direct. (6) That a perpetual injunction be issued in this suit forthwith against the said defendant, restraining him, his clerks, agents, servants, attorneys, and workmen, and all claiming or holding under or through him, according to the prayer of the bill of complaint for such injunction, but in accordance with the opinion filed in this cause.][2]

[2] [From 13 O. G. 635.]