## Case No. 4,787.

### FILLEY v. CHILD.

[16 Blatchf. 376; 4 Ban. & A. 353;[1] 16 O. G. 261; 8 Reporter, 230.]

Circuit Court, S. D. New York.   June 4, 1879.

Samuel S. Boyd, for plaintiff.
Esek Cowen, for defendant.

BLATCHFORD, Circuit Judge. The bill alleges, that the plaintiff, in 1851, "conceived of applying" the name of "Charter Oak," as a trade-mark, to cooking stoves embodying certain improvements in their internal construction, which he had invented, for the purpose (1) of securing to himself more completely and exclusively the benefits to be derived from the manufacture and sale of such cooking stoves, and (2) of giving to the same a particular name, to enable the general public and purchasers to distinguish the same from all other cooking stoves. It is not alleged in the bill that the plaintiff has ever applied the name "Charter Oak" to any other cooking stove than the one embodying said improvements, nor that the cooking stoves sold by the defendant, bearing upon them the name "Charter Oak," embodied said improvements. nor that the said improvements were patented to the plaintiff. It is shown that said improvements were patented to the plaintiff June 14th, 1853; that the patent was reissued to him December 27th, 1859; and that it was extended for seven years from the 14th of June, 1867. There is no evidence that any one, prior to the plaintiff, applied the name "Charter Oak" to a stove containing said improvements; and it is shown that all the stoves sold by the defendant have been stoves containing said improvements, and having upon them the name "Charter Oak." The suit is not brought upon the patent, for a violation thereof. The bill alleges, that the use of said trade-mark by the defendant "is intended and designed and well calculated to deceive the public into the belief that the stove bearing it is the genuine stove" of the plaintiff, "since by said name 'Charter Oak' alone is the said stove bought, sold and known." There is no evidence that any person buying one of such stoves as the defendant has so sold, would believe that he was buying a stove made by the plaintiff, although he would believe that he was buying a stove containing the improvements so patented to the plaintiff. As the patent has expired, and the defendant has a right to sell cooking stoves embodying the patented improvements, the sole question is, whether the defendant has a right to sell them with the name "Charter Oak" upon them. The evidence satisfactorily shows, that the plaintiff, during the entire twenty-one years' duration of the patent, knew of, and acquiesced in, the manufacture and sale, by M. L. Filley and those under whom he claims, of cooking stoves containing the patented improvements, with the name "Charter Oak" upon them. M. L. Filley made the stoves now complained of. He has built up a business through such acquiescence, in the manufacture and sale of such cooking stoves, with such name. Under such circumstances, the plaintiff cannot, after his patent has expired, and when M. L. Filley has the right to make stoves containing said improvements, prevent him from calling them by the name of "Charter Oak," so long as he does not represent them as being made by the plaintiff, or induce others to believe that they are made by the plaintiff.

The bill is dismissed, with costs.

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge: reprinted in 4 Ban. & A. 353; and here republished by permission.]