HOSTETTER and another *v.* ADAMS and another.*

(*Circuit Court, S. D. New York.* February 18, 1882.)

1. LABELS—" HOSTETTER'S STOMACH BITTERS "—INFRINGEMENT.
    The label and method of preparation for market of " Hostetter's Celebrated
    Stomach Bitters " is infringed by that adopted for " Clayton & Russell's Cele-
    brated Stomach Bitters," inasmuch as the latter is plainly copied from the
    former by design, and its general effect is such as to deceive an ordinary ob-
    server having no cause to use more than ordinary caution.

*A. H. Clarke, W. W. Goodrich,* and *J. Watson,* for plaintiffs.
*W. H. Arnoux* and *A. Dutcher,* for defendants.

BLATCHFORD, C. J.    The bill alleges that the plaintiffs are, and for
27 years or more have been, partners doing business as Hostetter &
Smith, and during that time engaged in making and selling a medi-
cine known as "Hostetter's Celebrated Stomach Bitters;" that they
have the sole ownership of the good-will, labels, or trade-marks of
said bitters; that said bitters have acquired a reputation as a safe
and valuable medicine; that, in order to designate said bitters as of
their own compounding and as genuine, and to prevent fraud by hav-
ing spurious bitters sold as and for the genuine, they from the begin-
ning devised certain labels, tokens, or trade-marks, and a certain
manner of putting up said bitters, placing them upon the market
in a style different from that in use by manufacturers or dealers in
like articles, and that they have adhered to said style up to the present
time; that said bitters are placed by them in square bottles, of uniform
size, known as No. 6, containing about one and a half pints, and
having blown therein the name "Dr. J. Hostetter's Stomach Bitters,"
and upon these bottles they cause to be pasted labels or trade-marks,
and the bottles then have revenue stamps put on them, and are
packed in square boxes, each box containing a dozen bottles, and, so
boxed, are sold to dealers; that the defendants are making and sell-
ing a spurious and inferior article of bitters, prepared in imitation
of, and intended to be sold as and for, the genuine Hostetter's Cele-
brated Stomach Bitters of the plaintiffs' own manufacture, and cal-
culated to deceive the public and consumers, and to enable the de-
fendant to reap the profits of the reputation and sale of them; that,
with like intent, the defendants have printed a false label or trade-
mark in imitation of, and closely resembling, one of the plaintiffs'
labels, said false label being well calculated to mislead and deceive

*Reported by S. Nelson White, Esq., of the New York bar.

customers and consumers of the genuine bitters; and that the defendants use the bottles of the plaintiffs, from which the genuine bitters have been used, and pack them in the same manner, in cases of the same shape, one dozen bottles in each case, in which manner they are sold. The bill prays for an injunction restraining the defendants from using said spurious label, and for other proper relief. The case has been heard on pleadings and proofs.

The plaintiff's bottle is of dark glass and has a four-sided body, the sides being of equal size and the faces rectangular. On one side is an engraved label with a white body. This label is substantially as long and as wide as the face of the bottle. Near the top, in four lines, in black, are the words "Hostetter's Celebrated Stomach Bitters," one word in each line. The third and fourth lines have letters of the same size and character, larger than the letters in the first and second lines. The letters in the first line are larger than those in the second line, and of a different character from them, and from those in the third and fourth lines. The letters in the first line and those in the fourth line each of them form a curve, the convexity of which is upward. The second and third lines are horizontal. The letters in the first, third, and fourth lines are shaded. Underneath the fourth line is a horse without harness vaulting in the air towards the left, with his hind feet on the ground and his fore feet in the air, mounted on his bare back by a naked man, with a helmet on, and a flying robe over his right arm, and in his two hands a spear, with which he is striking at a dragon below him on his left. The open mouth of the dragon is near the left knee of the rider, and the point of the spear is just above that knee. The body of the dragon passes under the horse, and his tail comes around the right hind leg of the horse and nearly reaches the body again. In a fore paw of the dragon, near the end of his tail, appears to be a piece broken off from the head of the spear. The horse has a flying mane and a sweeping tail. The horse, man, and dragon are dark on a white ground. Below them is a shield, commencing at a little below the middle of the length of the label. The shield has a dark ground. On it are letters printed in white. There are 16 lines of letters. Lines 1, 2, 4, 7, 8, 9, 10, 12, 13, 14, and 15 are the same size of type. The reading of the 16 lines, divided into lines, is this:

(1) "The best evidence of the merit of an article is" (2) "the disposition to produce counterfeits;" (3) "and we regard it as" (4) "the strongest testimony to the value of" (5) "Hostetter's" (6) "Celebrated Stomach Bitters" (7) "that attempts of that description have" (8) "been frequent. A due consid-

eration of" (9) "the public welfare has induced us to" (10) "obtain a fine engraving, of which" (11) "this is a fac-simile," (12) "and to append our note of" (13) "hand, which cannot be" (14) "counterfeited without" (15) "the perpetration" (16) "of a felony."

The word "and" and the word "as," in line 3, are smaller than the other letters. The words "we regard it," in line 3, and also lines 5, 6, 11, and 16, are on a black ground darker than the rest of the ground, and the letters are somewhat larger than the rest. All the letters in the shield are capitals. The line of the top of the shield consists of two curves of equal length, starting from an apex in the middle of the width and concave upwards, and having a uniform sweep, and alike, and rising each to a point as high as the starting point, and then each falling off, by a short concave upward curve, to a point. Then the two sides of the shield sweep around downward, by equal curves, to the center of the width of the label and the lower point of the shield, completing the outline of the shield. The space on each side, between the outer edge of the shield and a border around the label and a horizontal line running across at the lower point of the shield, is filled in with engraved work of waving, irregular figures. Underneath the shield, in a parallelogram, is a promissory note for one cent, payable to the bearer on demand, signed "Hostetter & Smith." In the middle of the width of the upper part of the note is a small circle, having in it the head and bust of an aged man with a long white beard. There is a border around the whole label.

The defendants' bottle is of the same size, color, shape, and material as the plaintiffs', and many of the defendants' bottles are old bottles of the plaintiffs with the name "Hostetter" blown in the glass. The side which has that name on it is covered by the defendants' label. The defendants buy such old bottles when empty which the plaintiffs have sold in the market with bitters in. On one side is an engraved label with a white body. This label is substantially as long and as wide as the face of the bottle, and is of the same size as the plaintiffs' label. Near the top, in four lines in black, are the words "Clayton & Russell's Celebrated Stomach Bitters," one word in each line. The third and fourth lines have letters of the same size and character, larger than the letters in the first and second lines. The letters in the first line are larger than those in the second line, and of a different character from them, and from those in the third and fourth lines. The letters in the first line and those in the fourth line each of them form a curve, the convexity of which is

upward. The second and third lines are horizontal. The letters in the first, third, and fourth lines are shaded. The appearance presented by those four lines, as to the size and character and shading of the letters in the corresponding lines, and as to ornamentation in flourishes and dashes, is identical with the appearance presented by the corresponding four lines in the plaintiffs' label, as to the same particulars, except the difference resulting from substituting the words "Clayton & Russel's" for the word "Hostetter's." Underneath the fourth line is a horse, with harness and caparison and saddle upon him, vaulting in the air towards the right, with his hind feet on the ground and his fore feet in the air, mounted by a man with clothing on his trunk and feet, and a helmet, with wings on his head, and in his right hand a spear, with which he is striking at a scorpion on the ground in front of him. The horse has a sweeping tail. The horse, man, and scorpion are dark on a white ground. They and the four lines above them occupy respectively the same space up and down as the corresponding parts in the plaintiffs' label. Below them, commencing at the same point as in the plaintiffs', is a shield, which has a dark ground, with letters printed on it in white. There are 15 lines. The lines are all the same size of type, and the size of the type in line 1 in the plaintiffs'. The reading of the 15 lines, divided into lines, is this:

(1) " The bitters of Clayton & Russell will be " (2) " found a highly aromatic liquid and en-" (3) "tirely free from injurious substances." (4) "One wineglassful taken three times " (5) " a day before meals will be a swift " (6) " and certain cure for dyspepsia a " (7) " mild and safe invigorant for delica-" (8) " te females a good tonic preparation " (9) "for ordinary family purposes a " (10) "powerful recuperant after the " (11) " frame has been reduced by " (12) " sickness an excellent app-" (13) etizer and an agreeable " (14) " and wholesome " (15) "stimulant."

All the letters in the shield are capitals. The line of the top of the shield is made up of four curves, and corresponds in all respects with the line of the top of the shield in the plaintiffs'. The shield is the same size and shape as the plaintiffs', and has a corresponding space on each side, filled in with engraved work, waving in character, though larger in detail than in the plaintiffs'. The lower point of the shield comes down to the same point as in the plaintiffs'. Underneath the shield, in a parallelogram, are the words: "Venders do not require a liquor-dealer's license, being a medicinal compound." There is a border around the whole label of about the same width as

in the plaintiffs', though of a different character. There is a narrow space of white in the defendants' all around the lower parallelogram, and the side lines of white are carried up on each side of the top of the shield, and then continue down around the outer edges of the shield, differing in these respects from the plaintiffs'. The words beginning with "one wineglassful," to the end, at "stimulant," are formed in a label of gold letters, printed on a bronze ground, which is on another face of the plaintiffs' bottle.

It is shown that there are no such persons as Clayton & Russell, and that the defendants' label was prepared from the plaintiffs' by intentionally making the parts in it which are like corresponding parts in the plaintiffs', to be so like. It is plain that it is a copy from the plaintiffs' by design. Variations are made of such a character as to be cabable of discernment and description. But the general effect to the eye of an ordinary person, acquainted with the plaintiffs' bottle and label, and never having seen the defendants' label, and not expecting to see it, must be, on seeing the defendants', to be misled into thinking it is what he has known as the plaintiffs'. The size, color, and shape of the bottle,—the four lines of letters at the top of the label being, as to the three lower ones, identical, and, as to the upper one, differing only in the name,—the general effect of the horse and his rider, the size and shape and color of the shield, the white letters in it, and their size and arrangement in lines contracting in length towards the lower point of the shield, the whole in black on a white ground, and the border, give an affirmative resemblance calculated to deceive an ordinary observer and purchaser, having no cause to use more than ordinary caution, and make him believe he has before him the same thing which he has before seen on the plaintiffs' bottle and expects to find on the bottle he is looking at. The differences which he would see on having his attention called to them are not of such a character as to overcome the resemblances to the eye of a person expecting to see only the plaintiffs' bottle and label, and having no knowledge of another. The testimony to the above effect is of great strength.

The plaintiffs have no exclusive right to make the bitters. Their trade-mark is not in the words "Celebrated Stomach Bitters," nor have they any exclusive right to a bottle of the size, shape, and color of the one which they use. But the entire style of their bottle and label, of which those words form a part, is, in connection with the other particulars above mentioned, in which the defendants' bottle and label are like theirs, the mark of their trade. *Williams* v. *Johnson,* 2

Bos. 1; *McClean* v. *Fleming*, 96 U. S. 245; *Frese* v. *Buchof*, 14 Blatchf. 432; *Coleman* v. *Crump*, 70 N. Y. 573; *Morgan's Sons Co.* v. *Troxell*, 23 Hun. 632, and Cox's Manual, Case, 674; *Sawyer* v. *Horn*, Cox's Manual, Case, 667; *Mitchell* v. *Henry*, 43 Law Times Rep. (N. S.) 186.

The evidence as to transactions after the filing of the bill is admissible. It comes in not to show infringement, but to characterize the practical use of the subject-matter of the suit. The objection as to the recalling of witnesses is overruled. The plaintiffs are entitled to an injunction, and to a reference to a master to take an account of profits, and to the costs of the suit.