## GLEN COVE MANUF'G CO. *v.* LUDELING.

*(Circuit Court, S. D. New York. January 1, 1885.)*

1. TRADE-MARKS—INFRINGEMENT—INJUNCTION.

Complainant was the owner of two trade-marks, registered under the act of congress of March 3, 1881, which he used in commerce with foreign nations, as applied to a preparation of corn-flour for food, by printing them upon the packages in which the corn-flour was put up for sale. The first consisted of the word "Maizena," and the second of an allegorical picture representing the cultivation of the corn, and the preparation and cooking of the flour, by Indians. Complainant had used these trade-marks for many years. Defendant, whose mark had also been registered, used, in the same manner, in the sale of his corn-starch in foreign countries, the word "Maizharina," accompanied with a pictorial representation of a man carrying a quantity of maize in his arms. *Held,* that defendant was guilty of infringement of complainant's trade-marks, and should be enjoined from further violation of complainant's right to the exclusive use of his trade-marks.

2. SAME—RESEMBLANCE.

To enable the proprietor of a trade-mark to relief against an illegal appropriation, it is not necessary that the imitation should be so close as to deceive persons seeing the two marks side by side; it is sufficient if there is such a degree

of resemblance that ordinary purchasers using ordinary caution are likely to be deceived.

3. SAME—MANNER OF USING WORD.

Whether a defendant has colorably imitated a trade-mark consisting of a word is not to be solved merely by considering the resemblance between the words themselves; and if defendant has dressed his word in such accessories that it may be mistaken for complainant's word, that circumstance is to be considered.

4. SAME—EFFECT OF REGISTRATION.

Under the act of 1881 the registration of a trade-mark is only *prima facie* evidence of ownership, and is not conclusive or binding on the courts as to the right of a party to its exclusive use.

In Equity.

*Francis Forbes*, for complainant.

*E. E. Sprague*, for defendant.

WALLACE, J.   The complainant moves for a preliminary injunction restraining the defendant from violating its right to the exclusive use of two trade-marks used by it in commerce with foreign nations, and applied to a preparation of corn-flour for food, both of which it procured to be registered in the patent-office December 6, 1881, under the provisions of the act of congress of March 3, 1881.   The first consists of the word "Maizena," and the second is an allegorical picture, representing the cultivation of corn, and the preparation and cooking of the flour, by Indians.   Both are applied by printing upon the packages in which the corn-flour is put up for sale.   The defendant is the registered owner of a trade-mark for corn-starch, which consists of the word "Maizharina," accompanied with a pictorial representation of a man carrying a quantity of maize in his arms, registered in the patent-office December 5, 1882.   Both parties are manufacturers here of the corn-flour, and put it up here for sale in foreign countries, and both use their respective trade-marks upon the packages containing the flour or starch in the same way.   The complainant or its predecessor in business was the originator of the trade-marks it has registered; had used them for many years to designate its corn-flour; and had acquired a good common-law title to them before the defendant undertook to employ either the word or the picture registered by him.

It is quite obvious that the defendant's word and picture as applied by him to the packages of this corn-flour put up for exportation to Germany and Cuba, in connection with the similarity of his packages in form, size, color, printing, and other characteristics to the complainants, are well calculated to lead purchasers to confuse the identity of the products of the respective parties.   As thus used by him it would seem clear that he has purposely simulated the complainant's devices for distinguishing his product from those of others; and if the case turned on the principles which obtain, ordinarily, in equity, where the use of a common-law right of property in a trade-mark is the subject of controversy, it would be the duty of the court to order an injunction.   Granting that the word and picture of the defendant are different from those of the complainant, a court of equity would

enjoin the defendant from using them with such accessories as would lead purchasers to confound the one with the other, not because of the infringement of complainant's trade-mark, but because the defendant would not be allowed by any deceitful practice to impose upon the public to the prejudice and injury of the complainant. But both parties are citizens of this state, and the jurisdiction invoked is, therefore, founded solely on the act of congress for the protection of trade-marks, and can only be exercised according to the statute which invests the court with authority to hear the controversy. The complainant is here upon his statutory title to enforce his statutory rights in the enjoyment of his trade-marks, and the single question is, therefore, whether these have been invaded. If the defendant has appropriated either of these trade-marks, the complainant, as the party aggrieved, by the language of the act (section 7) "shall have his remedy according to the cause of equity to enjoin the wrongful use of such trade-mark."

The complainant's trade-mark in the picture has not been infringed. There is such a substantial dissimilarity between this picture and that used by the defendant as to eliminate from the case any theory of a colorable imitation. Whether its trade-mark in the word "Maizena" has been appropriated by defendant's use of the word "Maizharina" is a more doubtful question. Although the defendant uses the word "Maizharina" upon packages of his corn-flour put up for the German market, it does not follow that the article will be sold exclusively in that market, and the tendency of the word to mislead purchasers of the article into the belief that it is the complainant's product does not depend solely upon the inquiry whether it may mislead German purchasers. The defendant's act is committed here, and whether it is a wrong or is justifiable must be ascertained upon the principles of our jurisprudence, and not upon those of the laws of Germany. Unless the complainant's trade-mark is used on goods intended to be transported to a foreign country, by the terms of the act of congress the court can take no cognizance of the wrong in a suit between citizens of the same state. Section 11. If it is so used, the court will not be concluded by the result of an inquiry whether it is used with an intent to mislead purchasers in the country where the goods are to be ultimately sold; because the goods may be sold here or in some country other than the one where they are to be ultimately sold, and the act of congress contemplates a complete protection to the right which it creates. If the decision were to depend solely upon the question of a substantial similarity in the sonorous properties between the word used by complainant and that used by the defendant, decisions in analogous cases furnish sufficient authority for granting an injunction. Thus the word "Cocoine" has been held to be an infringement of a trade-mark in the word "Cocoaine," (*Burnett* v. *Phalon*, 42 N. Y. 594;) "Bovina," of the word "Bovilino," (*Lockwood* v. *Bostwick*, 2 Daly, 521;) the word "Appolinis," of the word "Appolinaris," (*Ac-*

*tien-Gesellschaft Appolinaris-Brunnen* v. *Somborn,* 14 Blatchf. 380;) "Hostetler," of the word "Hostetter," (*Hostetter* v. *Vowinkle,* 1 Dill. 329;) "Leopoldsalt" of the word "Leopoldshall," (*Radde* v. *Norman,* L. R. 14 Eq. 349.) The rule is well settled that to enable the proprietor of a trade-mark to relief against an illegal appropriation it is not necessary that the imitation should.be so close as to deceive persons seeing the two marks side by side; it is sufficient if there is such a degree of resemblance that ordinary purchasers using ordinary caution are likely to be deceived.

But the question whether the defendant has colorably imitated the complainant's trade-mark is not to be solved merely by considering the resemblance between the words themselves. If the defendant has dressed his word in such accessories that it may be mistaken for the complainant's word, that circumstance is not to be overlooked. A word used as a trade-mark is addressed to the eyes as well as to the ears of purchasers of the article to which it is applied. It cannot be disassociated from its surroundings when the inquiry is whether, as used, it is a colorable imitation of another's trade-mark. The defendant has artfully garbed and draped a word used by him, bearing a close resemblance to the complainant's word, so that its identity is rendered more indistinguishable from that of the complainants than it is intrinsically.

The defendant insists that his certificate of registry is a decision of the commissioner of patents that he is entitled to use the word "Maizharina," in connection with his picture, as a trade-mark, notwithstanding the complainant's trade-mark is the word "Maizena;" which is a judicial determination, and is conclusive as between the parties. The sufficient answer to this proposition is that the act of congress makes the registration of a trade-mark only *prima facie* evidence of ownership. Section 7. The inquiry is therefore always open as to the validity of the title to a trade-mark evidenced by the registration. The registration could not confer a title to the trade-mark upon the complainant if some other corporation or individual had acquired a prior right by adoption and use; nor could it vest defendant with a title as against the complainant's common-law title. In this view, the only office of a registration is to confer jurisdiction upon the court to protect a trade-mark when the proprietor has obtained the statutory evidence of title, and the only function of the commissioner of patents is to determine whether an applicant has a presumptive right to the trade-mark. An order is granted for an injunction, in conformity with this opinion.