COATS *et al. v.* MERRICK THREAD CO. *et al.*

*Circuit Court, S. D. New York.* September 28, 1888.)

TRADE-MARKS—PATENTED DESIGN—EXPIRATION OF PATENT.

Plaintiffs sell their six-cord sewing thread on spools of light-colored wood, holding 200 yards each, each spool-head bearing a smaller circular label of a light gold color with a dark center and margin. On the gold ground are the firm name, and the words "Best Six Cord," and on the center are the number of the thread and the figures and letters "200 yds." in light gold color. Since 1873 they have embossed the number on the wood in the space around the label, under a patent granted in 1870 for seven years, and acquired and exclusively used by them since 1873. Defendants have sold their six-cord thread on spools holding 200 yards, and bearing substantially the same label, with their names substituted; the figures and letters "200 yds." omitted; a star in the center, and the number at one side, and with similar embossed numbers. Others had used black and gilt labels nearly or quite as early as plaintiffs; and labels on spools of six-cord thread holding 200 yards, with the makers' names in place of plaintiffs' names, were used from 1854 to 1874; and from 1868 to 1878, labels with a like substitution of names, and without the words and figures "Best Six Cord" and "200 yds." were used on spools of other than six-cord thread. *Held,* that the defendants' label does not amount to a repre-

sentation that the thread is that of plaintiffs, and that, after the expiration of the patent, the use of the embossed numbers became common to all, and plaintiffs were not entitled to relief from any misrepresentation as to the origin of the thread incidentally resulting from plaintiffs' prior monopoly.

In Equity. On final hearing.

*Frederic H. Betts* and *Benjamin F. Thurston,* for plaintiffs.

*W. C. Witter,* for defendants.

WHEELER, J. After issue joined and proofs taken, the plaintiffs moved to further amend their bill. The motion was denied, with leave to renew it at the hearing. It has been renewed, and is now granted, to make the case symmetrical. The plaintiffs' firm have for a very long time made six-cord sewing thread, and sold it on spools of light-colored wood, holding 200 yards each; and since about 1842 have used on each spool-head a circular label, smaller than the head, of light gold color around a dark center, having a dark line around near the margin, and the firm name and the words "Best Six Cord" in a circle inside the line on the gold ground, and the number of the thread with the figures and letters "200 yds." in light gold color on the dark ground of the center, leaving the wood of the spool bare around the label. On April 5, 1870, design letters patent No. 3,939 were granted to Hezekiah Conant for embossing the number of the thread in figures on the wood of spools in spaces around the label, to run seven years, and were acquired by the plaintiffs. Since about 1873 they have used these embossed numbers on their spool-heads in connection with the label. The defendants make six-cord sewing thread, and sell it on spools holding 200 yards each, and since 1878 have used substantially such a label with the name of the Merrick Thread Company substituted for that of the plaintiffs, the figures and letters "200 yds." omitted, a star in place of the number in the center, and the number at one side, in connection with similar embossed numbers on the margin of the spool-head. The bill is brought, as it stands amended, for relief against such use of these labels and embossed numbers.

The plaintiffs have no monopoly of six-cord thread, or of the sale of it in lengths of 200 yards on spools. All others have a right to manufacture it, put it up in that form, describe it, and dispose of it. They have an exclusive right to the reputation acquired by their thread, and to have the thread pass current in trade as theirs, and no one has the right to give currency to other thread than theirs as theirs. *McLean* v. *Fleming,* 96 U. S. 245; *Trade-Mark Cases,* 100 U. S. 82. The words "Best Six Cord" are merely descriptive of the quality, and the figures merely denote the size of the thread. These are all the statements that are common to both labels, and these could not be appropriated by the plaintiffs to the exclusion of others for these purposes. *Manufacturing Co.* v. *Trainer,* 101 U. S. 51. When the patent expired the use of the embossed numbers for all lawful purposes became free to all. *Grant* v. *Raymond,* 6 Pet. 218. These principles are not much controverted, but the plaintiffs insist that their long use of these words and figures, dis-

played in these forms and colors upon their labels on the central parts of their spool-heads of light-colored wood, has made the mere appearance of the spools, without reading the labels, a representation that the thread is of their manufacture; and that their use of the embossed numbers with the label has made that combination by its mere appearance a still stronger representation to that effect. Whether the appearance amounts to such a representation is a question of fact to be determined on the evidence. Black and gilt labels appear to have been used by others on spools of thread nearly and perhaps quite as early as by the plaintiffs. Some similar to the plaintiffs', with the names of the makers of the thread in place of the plaintiffs' names, were used to some extent on six-cord thread in lengths of 200 yards on each spool from 1854 to 1874; and some without the words and figures "Best Six Cord" and "200 yds.," with a like substitution of names, were used on spools of 200 yards of six-cord and other thread by predecessors of the defendants from 1868 to 1878. The use by these others was less than that by the plaintiffs, but was sufficient to make their thread with these labels known in the markets. The appearance of the spools would, to some extent, indicate the origin of the thread, without reading the names of the makers; and as more of it was the plaintiffs', would more often so represent than that it was thread of others; but the rights claimed by these others in the markets were not resisted, and appear to have become well established. When the defendants entered the markets with their label, it was comparatively as much a representation that their thread was the thread of the others as that it was the thread of the plaintiffs; and they appear to have had as good right there with their labels as the others would have to continue there with theirs. The fact is not found, upon all the evidence, that the use of the label on the plain spool-head by the defendants amounts to a representation that the thread came from the plaintiffs. The embossed numbers do not of themselves indicate origin at all; but the long and exclusive use of them by the plaintiffs may have so associated them with their label and thread that the use of them by the defendants in connection with their label might lead ordinary customers, to some extent, to think that the thread was from the plaintiffs. If so, the use of them in that manner by the defendants would amount to a representation so far that the thread of the defendants was that of the plaintiffs. However this may be, but for the patent the defendants might with equal right have used the numbers as the plaintiffs did. When the patent expired, the use became common to all, as if there had never been any patent covering them. The plaintiffs held the monopoly during the term of the patent, subject to the consequences of its expiration. The incidental effect upon the plaintiffs' trade of the use of the numbers by the defendants is one of these consequences. It does not arise from any wrongful invasion of the plaintiffs' rights; but from the rightful exercise of the defendants' rights. The plaintiffs' mode of exercising their monopoly, by using the numbers exclusively themselves, exposed their trade to what might be inferred from that when the use should become common. The law does not extend the patent beyond its term to protect them from such results. *Fairbanks*

v. *Jacobus*, 14 Blatchf. 337; *Filley* v. *Child*, 16 Blatchf. 376; *Sewing-Machine Co.* v. *Frame*, 21 Blatchf. 431, 17 Fed. Rep. 623; *Gally* v. *Fire-Arms Co.*, 30 Fed. Rep. 118. The facts of this case, as they appear from the proofs, do not bring it within the principles of *McLean* v. *Fleming*, 96 U. S. 245; *Frese* v. *Bachof*, 14 Blatchf. 432; *Stocking Co.* v. *Mack*, 12 Fed. Rep. 707; *Soap Co.* v. *Thompson*, 25 Fed. Rep. 625; *Kinney* v. *Basch*, 16 Amer. Law Reg. (N. S.) 596, and note; and others of the same nature, —relied upon for the plaintiffs. Much and repeated consideration of this case discloses no apparent ground upon which the bill can be maintained. Let a decree be entered dismissing the bill of complaint, with costs.