Verdict for plaintiff.

---

### FROST *et al.* v. RINDSKOPF *et al.*

#### (*Circuit Court, E. D. New York.* April Term, 1890.)

**1. TRADE-MARKS—WHAT WILL BE PROTECTED—"WARREN HOSE SUPPORTER."**
While the words "Warren Hose Supporter," when used alone, may not constitute a valid trade-mark, yet when used in connection with a cut of a hose supporter engaged with a stocking, and placed, as labels, on boxes containing hose supporters, they are sufficiently arbitrary to fairly denote the origin of the goods, and are entitled to protection as a trade-mark.

**2. PATENTS FOR INVENTIONS—EXPIRATION—RIGHTS OF PATENTEE.**
While, after the expiration of a patent, any one has the right to manufacture the article, and to designate it by the name by which it has become known to the public, yet no one has the right to represent in any manner that his goods are actually manufactured by the patentee.

**3. Trade Marks—Infringement.**

A trade-mark consisting of the words "Warren Hose Supporter," and a cut of a hose supporter engaged with a stocking, is infringed by another in all respects similar, except that the word "Warranted" in substituted for "Warren."

In Equity. On bill for injunction.

*Gilbert M. Plympton,* for orators.

*H. A. West,* for defendants.

WHEELER, J. This suit is brought against alleged imitators of a trade-mark consisting of the words "Warren Hose Supporter," and a cut of a hose supporter engaged with a stocking, used by the orators, under the firm name of the Warren Hose Supporter Company, on labels on boxes of hose supporters in selling them. The orators have dealt in these goods in connection with patent No. 135,899, dated February 18, 1873, and granted to Elisha Foote for grain bands and bag ties, and No. 159,291, dated February 2, 1875, and granted to Andrew Warren, for stocking and skirt holders. The cut of the supporter in the orators' trade-mark represents it as patented under the date of the Foote patent. Their goods have long been known as "Warren Hose Supporters." The defendants insist that this is not such a trade-mark as to be the subject of exclusive use; that the use of the representation of a patent is so deceptive as to preclude protection; and that they have the right to represent their goods to be the Warren Hose Supporters, and have done no more. Perhaps, as argued for the defendants, the words "Warren Hose Supporter" alone would not constitute a valid trade-mark; but, in connection with the cut, they appear to be more than merely descriptive, and sufficiently arbitrary to denote fairly the origin of the goods when used for that purpose. *McLean* v. *Fleming,* 96 U. S. 245; *Hostetter* v. *Adams,* 20 Blatchf. 326, 10 Fed. Rep. 838; *Stocking Co.* v. *Mack,* 21 Blatchf. 1, 12 Fed. Rep. 707.

That when the defendants make what are known as "Warren Hose Supporters" they have the right to designate them as such seems to be clear. *Fairbanks* v. *Jacobus,* 14 Blatchf. 337; *Sewing-Mach. Co.* v. *Frame,* 21 Blatchf. 431, 17 Fed. Rep. 623. But this does not include the right to represent in any manner that their goods came from others. This is shown by the reasoning of these cases, and by others on the same subject. *Singer Manuf'g Co.* v. *June Manuf'g Co.,* 41 Fed. Rep. 208; *Same* v. *Bent,* Id. 214. The defendants use the word "Warranted" in place of "Warren," with the cut of a hose supporter engaged with a stocking, similar to that of the orators' label. They suggest that they use that word to indicate that they have the right to sell these hose supporters. Such use of the word is hardly necessary for that purpose; and the want of a better excuse leaves room for an inference that it is used for its similarity to the corresponding word in the orators' libel, and the defendants have so placed numbers and words, indicating sizes and quantity, in similarity to those on the orators' labels, as to lead in the direction of the conclusion that methodical imitation of those labels was intended. *Manufacturing Co.* v. *Ludeling,* 23 Blatchf. 46, 22 Fed. Rep.

823. This amounts to more than showing forth what the wares are. It appears to be an intentional setting of the orators' mark to the defendants' wares to make them pass for the orators' wares. The Foote patent did not expire till lately, since this suit was begun. A part of the Warren Hose Supporter may have been a new use of the device covered by it. The supporter is not so clearly outside of it as to make the reference to it a fraud. As the case stands, and is now considered, the orators seem to be entitled to a decree making the preliminary injunction heretofore granted permanent, and to an account of profits. Let a decree making the temporary injunction permanent, and for an account of profits, with costs, be entered.