HIRAM HOLT CO. *v.* WADSWORTH *et al.*

*(Circuit Court, N. D. New York.    December 30, 1889.)*

1. TRADE-MARKS—WHAT WILL BE PROTECTED.
    Where hay-knives have been advertised and sold for years as "Lightning Hay-Knives," and the word "lightning" has been registered as a trade-mark by the manufacturers of these knives, they may enjoin the sale of "Lightning Pattern Hay-Knives," the word "lightning" not being merely descriptive of the quality or characteristics of the knives.

2. SAME.
    Letters patent No. 112,400, issued to George F. Weymouth March 7, 1871, having expired, the owners of such patent have no exclusive right to use the words "Weymouth's Patent" as a trade-mark, because it was the descriptive name by which the hay-knives became known to the public.

In Equity.
*Charles H. Drew*, for complainant.
*Lereno Payne*, for defendant.

WALLACE, J.    The facts in this case, as appears by the agreed statement of the parties, are as follows: Hiram Holt, of Farmington, in the state of Maine, began the manufacture of hay-knives in the early part of the year 1871, under certain letters patent of the United States granted to George F. Weymouth, of Dresden, Me., dated March 7, 1871, and numbered 112,400; the said Hiram Holt being the owner of said letters patent. Sometime in the month of May, 1872, after he had become the owner of said patent, and began said business, Hiram Holt devised, as a name to be applied to hay-knives manufactured by him under the said letters patent, the word "lightning," and he began to use it in his said business on the 21st day of May, 1872. In May, 1879, he associated himself with Julia W. Holt, as a co-partner, and thereafter transacted the same business under the style of "Hiram Holt & Co.," until the 9th day

of April, 1887, when the said firm sold their business, and assigned the said letters patent, and the exclusive right to use the said word "lightning," as applied to hay-knives, as far as the said firm had the right to assign it, to the complainant, a corporation of the state of Maine.   The said name "lightning" was and has been used continuously from the 21st day of May, 1872, by the said Hiram Holt, the said Hiram Holt & Co., and the complainant down to the present time, their practice being, down to the time of the expiration of said letters patent, on March 7, 1888, to print in bronze letters, on a narrow strip of dark-colored, glazed paper, which was attached to each of said hay-knives, the word "lightning," in connection with other words, viz., "Lightning Hay-Knife, manufactured by Hiram Holt, [or Hiram Holt & Co., or Hiram Holt Company,] East Wilton, Franklin county, Maine.   Weymouth's Patent,"—and after the expiration of said patent, on the 7th of March, 1888, it was the practice of the complainant to use the word "lightning" in connection with said other words, and in the same manner, except that after "Weymouth's Patent" there was added the following: "March 7, 1871.   Reissued, April 20, 1886;" and it has also been their practice to stencil the words "One Dozen Solid Cast-Steel Lightning Hay-Knives.   Weymouth's Patent"—on boxes containing numbers of said hay-knives.   Hay-knives manufactured by the complainant and its predecessors in the same business, and bearing the same name, including the words "Weymouth's Patent," are well known to the trade; and said goods and name, including the words "Weymouth's Patent," are well known to the trade; and said goods and name, including the words "Weymouth's Patent," have been extensively advertised from the year 1872 to the present time by the complainant, and the former owners of said business and patent; and they have also exported to Great Britain and Canada, and sold there, from the year 1872 continuously to the present time, said goods, all bearing said label, in the manner above described.   On the 24th day of June, 1882, the said firm applied for the registration of the said word "lightning" as a trade-mark in the United States patent office, and deposited therein a statement and written declaration, made under oath, of Hiram Holt, a member of said firm, and the same was duly registered in the patent-office on the 1st day of August, 1882, and a certificate, numbered 9,583, was issued thereon.   Said certificate was subsequently assigned to the complainant, and the assignment duly recorded in the patent-office of the United States.   The defendants, prior to the time of the filing of the bill of complaint in this cause, and subsequent to the 9th day of April, 1887, and subsequent to the assignment of said certificate of registration to the complainant, painted on certain hay-knives made by them, said knives being similar to those made by the complainant and their predecessors under the said Weymouth patent, words as follows: "Lightning Pattern Hay-Knife, Solid Cast-Steel;" such knives, bearing said words, were advertised for sale by the defendants at the times aforesaid, and several of them were sold, all for use within the United States.   The "Lightning" hay-knife was more rapid in its operations than any former knife.   The particular pattern of knife manu-

factured by the complainant was, after the adoption of said name and its application to said knife, extensively known to the trade as the "Lightning Hay-Knife."

Upon these facts, it should be held that the complainants have a valid trade-mark in the word "Lightning," as applied to hay-knives similar to those to which they have applied it; that the trade-mark is valid, both at common law and by the act of congress of March 3, 1881; that the word is not merely descriptive of the quality or characteristics of the article to which it has been applied; and that they should have a decree for an injunction to restrain the defendants from violating their trade-mark in the word, and for an accounting.

It is also held that the complainants have no exclusive right to use the words "Weymouth's Patent" as a trade-mark, because they are the name which was given to such hay-knives when they were first made and sold, and the name by which they have become recognized and dealt in by the public; and that after the patent expired all persons had the right to deal in the article by that name, and also to print the name upon the article. These conclusions are but the application of familiar law to the facts of the case, and it would be quite superfluous to indulge in any extended discussion of the authorities. If the case of *Manufacturing Co.* v. *Manufacturing Co.*, 32 Fed. Rep. 99, contains any opinion opposed to the view that the defendants have the right to print the words "Weymouth's Patent" upon hay-knives sold by them similar to the patented article, it is not acceded to, and is antagonistic to the cases of *Fairbanks* v. *Jacobus*, 14 Blatchf. 337, and *Battery Co.* v. *Electric Co.*, 23 Fed. Rep. 276. The complainants have done nothing to prejudice their right to protection by printing on their hay-knives, after the patent expired, the words "Weymouth's Patent, granted March 7, 1871, reissued April 20, 1886," there being no evidence that the patent was not reissued as stated, as this representation could not mislead the public.