# HEATON-PENINSULAR BUTTON FASTENER COMPANY *v.* INDEPENDENT BUTTON FASTENER COMPANY.(1)

TRADEMARKS; TEN YEARS' USE; PATENTS.

The registration, under the ten-year clause of the trademark act of Congress,
by the former owner of an expired patent, of a pictorial representa-
tion of the patented device, is properly canceled on application of a
manufacturer of the same device, as upon the expiration of a patent
the right to manufacture the article passes to the public, and the
monopoly cannot be prolonged by the claim of a trademark descrip-
tive of the article. (Citing *J. A. Scriven Co.* v. *H. Towles Mfg. Co.*
32 App. D. C. 321.)

No. 950. Patent Appeals. Submitted January 13, 1915. Decided
March 1, 1915.

HEARING on an appeal from a decision of the Commissioner
of Patents canceling the registration of a trademark.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from the decision of the Commissioner of

Patents granting the cancelation of the registration of a trademark.

The Heaton-Peninsular Button Fastener Company registered, under the ten-year clause of the trademark act, as a trademark for certain button fasteners consisting of a pictorial reproduction of a staple-like button fastener August 9, 1909.

This alleged trademark is a correct illustration of a button fastener patented to one Vinton February 10, 1891, which patent expired February 10, 1908. The Heaton-Peninsular Button Fastener Company was the owner of the patent, and manufactured the articles under this patent, to which it had the exclusive right. The label affixed to the boxes of fasteners was an exact reproduction of one of the figures of the button showing a staple-like fastener. About the time of the expiration of the patent, the Heaton-Peninsular Button Fastener Company began to use the word "trademark" in connection with the figure.

It appears from the evidence that it is the general custom of manufacturers to stamp on the packages of goods of the kind to describe the goods of the package. This custom of stamping the packages is regarded as the only practical way of identifying the contents without breaking the package, and distinguishes it from articles of the same general class.

The Independent Button Fastener Company, commencing to manufacture the same fastener, put them in boxes with a label showing this reproduction of the article. The Heaton-Peninsular Button Fastener Company gave notice to the customers of the Independent Company not to infringe its trademark, and actually filed bills against some of them, which seriously interfered with the sales of the Independent Button Fastener Company, and caused it serious loss.

It thereupon filed its application to cancel the registration of the Heaton-Peninsular Button Fastener Company.

*Mr. Melville Church* for the appellant.

*Mr. Ellis Spear, Jr., Mr. J. M. Spear,* and *Mr. W. F. Hall* for the appellee.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

This appeal is from a decision canceling the same.

The representation of the staple could not constitute a technical trademark, as it is peculiarly descriptive of the article. In *Re Schweinfurter Pracisions-Kugel-Lager-Werke Fichtel & Sachs,* 38 App. D. C. 279, 280. Recognizing this fact, the registration was applied for and granted under the ten-year clause of the statute.

The label on the packages consists of a reproduction of the Vinton patent, and became associated in the public mind with the manufactured article. Upon the expiration of the patent the right to manufacture the article passes to the public, and the monopoly cannot be prolonged by the claim of a trademark descriptive of the article. *Singer Mfg. Co.* v. *June Mfg. Co.* 163 U. S. 169, 41 L. ed. 118, 16 Sup. Ct. Rep. 1002; *Yale & T. Mfg. Co.* v. *Ford,* 122 C. C. A. 12, 203 Fed. 707, 710; *J. A. Scriven Co.* v. *H. Towles Mfg. Co.* 32 App. D. C. 321, 323.

The attempt at registration of the label is apparently an effort to prolong the monopoly of the patent. *National Lock Washer Co.* v. *Hobbs Mfg. Co.* 210 Fed. 516, 518; *Bristol Co.* v. *Graham,* 117 C. C. A. 644, 199 Fed. 412, 414. In that case the registered trademark for steel belt lacing was, as in this case, a cut of the patented article and a cut showing its application to the joint. The court (circuit court of appeals of the eighth circuit) said: "The defendant or anyone else having a right to make the lacing, he had a right to describe it as it was described in the specification in the patent. In describing it he was not limited to words used by the patentee in telling what the patent was. He was entitled to describe it by the drawings. The registered trademark is nothing more than a pictorial description of the article made. It is a symbol showing how the lacing is applied. It is a part of the directions which the Bristol Company has always given as to the use of the article."

The case of *Hiram Holt Co.* v. *Wadsworth,* 41 Fed. 34, cited by appellant, is distinguishable from this case. It is unnecessary to inquire whether the proof shows that the pictorial representation was used as a trademark for the ten years prior to registration, and therefore capable of registration under the ten-year clause. See *Thaddeus Davids Co.* v. *Davids Co.* 233 U. S. 461, 58 L. ed. 1046, 34 Sup. Ct. Rep. 648, Ann. Cas. 1915B, 322.

We find no error in the decision appealed from, and it is affirmed.

The clerk will certify this decision to the Commissioner of Patents, as required by law.                    *Affirmed.*