## Case No. 17,217.

### WASHBURN & MOEN MANUF'G CO. v. HAISH.

[9 Biss. 141;[1] 18 O. G. 465; 4 Ban. & A. 571.]

Circuit Court, N. D. Illinois. Oct. 14, 1879.

USE OF ANOTHER'S PATENT MARK—SUIT FOR INJUNCTION—VALIDITY OF PATENT.

1. A person has no right to mark his goods with any words or terms indicating that they are manufactured under a patent which he does not own and has no right to use, and the courts will restrain him from such action.

[Cited in Adee v. Peck, 39 Fed. 211.]

2. And in such case the defendant will not be allowed to defend by denying the validity of the patent.

In equity. Bill for injunction.

Coburn & Thacher, for complainant.

I. V. Randall, for defendant.

BLODGETT, District Judge. The bill in this case charges that complainant is owner of a patent for an improvement in barbed wire for fencing purposes, No. 74,379, issued by the United States to Michael Kelly, dated the 11th day of February, 1868, and re-issued on the 8th day of February, 1876; that defendant, Jacob Haish, under the name of Ja-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

cob Haish, J. Haish & Co. and Jacob Haish & Co., who is a manufacturer of barbed wire for fencing purposes, has issued circulars and used tags and marks and put upon packages of barbed fence wire words and terms stating that the wire manufactured and sold by him is made under said re-issued patent, and also that he is owner of one-half of said re-issued patent, to the great detriment of complainant's business. Complainant prays injunction restraining defendant from issuing any circulars or using any words on packages indicating that his goods are manufactured under said re-issued patent.

Defendant admits the issue of said circulars and the use of tags and markings, substantially as charged in the bill, and also admits that he is not the owner of said re-issued patent, and alleges that he is the owner of certain patents for barbed wire, under which he manufactures, and that he marks his goods with words showing that they are made under his said patents. He further alleges that said re-issued patent is void, and that complainant has no right to the protection thereof. I am very clear that the defendant has no right, upon the admitted facts in the case, to mark his goods with any words or terms indicating that they are manufactured under complainant's patent. He has the right, and it is his duty, to mark his goods with his own patent mark; but this does not give him the right to put upon the goods any indicia showing that they are made under another man's patent or a patent which he does not own and has no right to use. Several reasons occur to me why he should not be allowed to do this. In the first place, the owner of a patent has the right to regulate the quality of goods bearing the patent mark. The value of a patent to its owner may largely depend upon the quality of goods manufactured under it. By manufacturing and selling a poor article purporting to be made under complainant's patent the value of the patent itself may be seriously impaired and the complainant damaged. In the second place, the public would be imposed upon and led to believe that they were purchasing a genuine article made by the patentee or under his patent. This reason applies the more forcibly because the law makes it the duty of a patentee, or those manufacturing goods under a patent, to mark his goods with the word "patented," with the date of the patent; and persons purchasing such goods with the belief that they were made and vended by the patentee, or those acting under his license, might be liable for an action of infringement by the owner of the patent; and, thirdly, such an act is a direct violation of the property interest which the law vests in the owner of a patent. No man has the right to violate this right of property any more than he has to trespass on another's land or other tangible property. Nor can the defendant question the validity of this patent in this collateral way.

If the patent is not valid, defendant has no right to impose upon the public by marking his goods with terms indicating that they are protected by a patent. He cannot be allowed to use that to which complainant has at least the exclusive prima facie right and then defend himself by denying the validity of the patent. Again, the effect of defendant's admitted acts is to call in question the complainant's title to this re-issued patent. He is in effect guilty of a libel upon the complainant's title by asserting that he is the owner of half the patent, and this may work great injury to the complainant. Whether complainant can recover the damages in this action which it may have sustained by these admitted acts of the defendant is not now in question. The only relief at present invoked is the prevention of future damage to complainant, and to this extent, it seems to me, a case is made out for injunction.

An injunction will be issued restraining defendant, his agents, attorneys, servants and associates from marking any barbed fence wire or packages of barbed fence wire with any words or letters indicating that said wire is manufactured, either in whole or part, under or pursuant to the said re-issued patent No. 6,902.

[For another case involving this patent, see Washburn & Moen Manuf'g Co. v. Haish, 4 Fed. 900, 7 Fed. 906.]