## ADEE v. PECK BROTHERS & CO.

### (*Circuit Court, D. Connecticut.* June 27, 1889.)

PATENTS—INFRINGEMENT—PLEADING.

A bill alleging that defendant has infringed a patent owned by complainant, and originally granted to James Foley, for an improvement in wastevalves, and that complainant has sold said valves under the trade name and style of "Foley's" and "Foley's Patent," and "that said trade name, during the life of said letters patent, is identified therewith, and of great value * * * in describing said patented valves as a trade-mark, and that the defendant has sold his infringing valves under the trade name of 'Foley's Patent Valves,' " and praying, *inter alia*, that defendant be enjoined from selling any waste-valves under the name of "Foley's" or "Foley's Patent Valves," states only one good cause of complaint, *i. e.*, for infringement of a patent. The name of the patented device is not properly speaking a trade-mark.

In Equity. On bill for infringement of patent.

*Arthur V. Briesen*, for complainant.

*Edward H. Rogers*, for defendant.

SHIPMAN, J. This is a bill in equity, which is brought by a citizen of the state of New York against a corporation created under the laws of the state of Connecticut. The bill alleges, with the usual and necessary

averments in such cases, that the defendant has infringed upon reissued letters patent No. 6,739, dated November 16, 1875, which were granted to James Foley and George C. Gunning for an improvement in waste-valves and overflows, and are now owned by the complainant. The original patent was issued to James Foley as inventor. The bill also alleges that the complainant has sold said valves under the trade name and style of "Foley's" and "Foley's Patent;" "that said trade name, during the life of said letters patent, is identified therewith, and of great value to your orator in describing said patented valves as a trade-mark, and that the defendant has sold his infringing valves under the trade name of 'Foley's Patent Valves.'" The bill prays, among other things, that the defendant may be enjoined against selling "any waste-valves or overflows known as or under the name of 'Foley's' or 'Foley's Patent' valves and overflows." The defendant has demurred, because the bill exhibits distinct, separate, and unconnected matters, viz.: "The infringement of letters patent of the United States, and the infringement of a trade name or trade-mark."

In my opinion, the bill shows upon its face that an infringement of patented rights only was committed. It will be observed that the defendant is not charged with having done anything which is prohibited by section 4901 of the Revised Statutes, and that the alleged trade-mark is simply the name which is usually or properly given to the patented article. It is not any peculiar form, label, brand, or device which is put upon the article to designate its origin, or the person by whom it is manufactured, and it is not the patent mark which is required to be stamped upon patented articles by section 4900. The name which is given to a patented device to distinguish it as a patented article from other articles of the same character is not, even during the life of the patent, properly speaking, a trade-mark. It designates nothing except that the structure has a definite character, as the structure which was patented, and indicates nothing in regard to the character of the workmanship or the person by whom it is manufactured. A trade-mark "is something different from the article itself which the mark designates," (*Fairbanks* v. *Jacobus*, 14 Blatchf. 337,) and is a name or a mark or a device which is attached to the article to point out its origin. This alleged trade-mark, "Foley's Patent Valves," signifies that they are the kind of valves which Foley invented and patented, and not that they are the valves which he or his successor is manufacturing. "In all cases where rights to the exclusive use of a trade-mark are invaded, it is invariably held that the essence of the wrong consists in the sale of the goods of one manufacturer or vendor as those of another, and that it is only when this false representation is made that the party who appeals to a court of equity can have relief." *Canal Co.* v. *Clark*, 13 Wall. 311. By this bill it appears that the defendant is deceiving no one in regard to the origin of the goods. It is infringing upon the complainant's patent-rights, by making a valve substantially like his, and it is asserting that its valve is the complainant's patented invention. Thus far no false representation is made, but the truth is asserted. But if it is said that the

assertion is that the defendant has a right to make Foley's patent valve, and that thus the public is deceived, this assertion and the act of sale are nothing more than an infringement of the exclusive patent-rights of the complainant. It is not intended to be asserted that if a person manufactures and sells an article which is not an infringement, but which he falsely brands as the patented device, that for such fraud and consequent injury a bill for an injunction may lie, not upon the ground that he is simulating a trade-mark, but because he is committing a continuous fraud for which the preventive remedy by injunction affords the only adequate relief. *Manufacturing Co.* v. *Haish,* 9 Biss. 141, 4 Ban. & A. 571. Neither is it intended to be asserted that the owner of a patented device may not have a trade-mark affixed to his articles which distinctively declares the origin, in point of manufacture, of his goods. The imitation of the patent mark is another and separate act from the one which is alleged to have been committed. It is evident that the pleader intended in the bill to treat the name as a trade-mark, and to aver that the defendant had not only infringed the complainant's patent-rights, but his rights as the owner of a trade-mark. His theory is that the defendant, by the sale of its valve under this name, has, by one act, infringed two rights of the complainant,—his patent-right and his right to the undisturbed use, during the life of the patent, of the trade-mark which he has adopted. If his theory was true, his bill, perhaps, would not be open to the charge of misjoinder, upon the ground that if two good causes of complaint grow out of one transaction for which the same character of relief is sought, and in regard to which all the defendants have the same claim of right, such causes may be included in one bill, (Story, Eq. Pl. § 284;) but the bill in this case shows only one good cause of complaint. The demurrer is overruled.