### JAROS HYGIENIC UNDERWEAR CO. v. FLEECE HYGIENIC UNDERWEAR CO.

(Circuit Court, E. D. Pennsylvania. January 30, 1894.)

1. PATENTS FOR INVENTIONS—INFRINGEMENT—BILL—MULTIFARIOUS.
    A bill which alleges, and seeks to restrain, the infringement of trademark rights and of certain rights secured by letters patent, is not multifarious, where both allegations relate to the same subject-matter.

2. SAME—OWNERSHIP—PARTIAL ASSIGNMENT—PLEADING.
    A bill to restrain the infringement of certain letters patent for an improvement in the method of making seams alleged that the said patent, "so far as the same relates to, and is based upon, underwear and similar articles, was, by mesne assignments in writing, duly assigned" to complainant. Held, that this was not such an allegation of exclusive ownership as would entitle the assignee to maintain the bill; and it is not aided by an allegation that, "by reason of the premises, complainant is the sole owner" of the said patent right.

3. SAME—AIDER—STATEMENTS OF BRIEF.
    A statement in the brief of complainant's counsel that "the papers of title, when produced, will show that the patentee parted absolutely and unconditionally with the entire title to the patent, without any reservation whatever," cannot be considered in aid of such allegations of the bill.

In Equity. Bill by the Jaros Hygienic Underwear Company against the Fleece Hygienic Underwear Company for the infringement of a patent. On demurrer.

W. P. Preble, Jr., for complainant.
Joseph C. Fraley, for defendant.

DALLAS, Circuit Judge. The demurrer to this bill could not be sustained upon the ground first assigned for its support. The fact that the bill alleged infringement of trade-mark rights, and also of certain rights secured by letters patent, does not render it multifarious. Courts of equity are averse to the multiplication of suits; and no definite rule, of general applicability, has been, or can be, laid down as a test of multifariousness. The question, in each instance where it is presented, is largely addressed to the regulated discretion of the judge, and is to be determined with reference to the peculiarities of the particular case, upon considerations which are practical, rather than theoretical, in their nature. In the present suit, both the allegations, the union of which is objected to, relate to the same subject-matter; and, although two distinct rights are averred to have been violated, I perceive no reason for supposing that they may not be litigated in a single proceeding,

without any injustice being done to the defendants, or any hardship being imposed upon them. The intimation reported to have been made by Vice Chancellor Shadwell in Boyd v. Moyle, 2 Colly. 316, is not without pertinency here. The multifariousness complained of in that case was that the discovery and injunction sought by the bill related to two several and distinct actions; but it was said "that, as both actions sought to be restrained related to the same goods, * * * it was not multifarious." In Adee v. Peck, 39 Fed. 209, the same point precisely as is here presented seems to have been raised, but the court did not find it necessary to pass upon it. The learned judge, however, in his opinion, did say:

"His [the plaintiff's] theory is that the defendant, by the sale of its valve under this name, has by one act infringed two rights of the complainant,— his patent right, and his right to the undisturbed use, during the life of the patent, of the trade-mark which he has adopted. If this theory was true, his bill, perhaps, would not be open to the charge of misjoinder upon the ground that, if two good causes of complaint grow out of one transaction for which the same character of relief is sought, and in regard to which all the defendants have the same claim of right, such causes may be included in one bill."

The second objection to the bill which is set up in the demurrer is well taken. It appears from the bill that the letters patent which the defendants are alleged to have infringed were granted to Samuel Jaros. The allegations with respect to the plaintiff's title are contained in two paragraphs of the bill, as follows:

"(13) That said letters patent, so far as the same relates to, and is based upon, the underwear and similar articles, was, by mesne assignments in writing, duly assigned to your orator, as by said original assignments, or duly certified copies thereof, here in court to be produced, will fully appear.

"(14) That, by reason of the premises, your orator became, and now is, the sole owner of the hereinbefore recited trade-mark, pictures, system of numbering, method of making seams, and other peculiar, distinguishing features of its said underwear, and that the same are of great value to your orator."

The learned counsel for the complainant suggested during the argument that this language might be taken to mean that the entire patent had been assigned to the complainant, but, upon its being then proposed to him to amend so as to make that meaning perfectly clear, he declined to do so. To me these paragraphs seem to be capable of but one construction, or rather to require no construction at all, for their effect is perfectly plain. It was, of course, incumbent upon the plaintiff to set out its title. It cannot be assumed to have any other or better one than that which it has asserted, and all it has alleged is that the patent, "so far as the same relates to, and is used upon, underwear and similar articles," was assigned to it. It is impossible to suppose that these limiting words would have been inserted if, in fact, the plaintiff had become the owner of the whole patent. Nor is the effect of this limitation modified by the general averment of the following (the fourteenth) paragraph, that, "by reason of the premises," the complainant is the sole owner of the before-recited method of making seams, etc. This is too evident to call for elaboration or argument. The law of this subject is not doubtful, and it constrains me to hold that the title set up

by the complainant will not support the bill which it has filed in its own name. "Such exclusive right of action exists, in favor of a sole assignee, only in two cases, namely, where he acquires by assignment the whole interest in the patent, or a grant or conveyance of the whole interest within some particular district or territory." Suydam v. Day, 1 Fish. Pat. R. 88, Fed. Cas. No. 13,654; Pope Manuf'g Co. v. Gormully & Jeffery Manuf'g Co., 144 U. S. 248, 12 Sup. Ct. 641. In the brief submitted on behalf of the complainant, it is alleged that "the papers of title, when produced, will show that Samuel Jaros parted absolutely and unconditionally with the entire title to the patent without any reservation whatever, and has not the slightest interest whatever in any degree in this suit or in the patent." A sufficient answer to this is that nothing of this kind is contained in the bill. It states that the patent was issued to Jaros, and does not state that he assigned it. Therefore, for the present purpose, it is to be assumed that he still owns it, inasmuch as the demurrant need not, and the court cannot, look beyond the bill. Moreover, if the bill alleged that Jaros parted with the entire patent, it should also allege that the complainant is now the owner of it; and this it not only does not do, but, as has been shown, sets up a mere license to him with respect to certain articles of manufacture. Whether the owner of the patent (whoever he may be, if not this complainant) could properly be made a party to the present bill without striking from it all that relates to trade-mark is a question upon which I will not express an opinion at this time; but, in order that the complainant may have opportunity to move for leave to amend, or as he may be advised, no decree will be immediately entered.