BALL & SOCKET FASTENER CO. v. COHN et al.

(Circuit Court, S. D. New York. December 5, 1898.)

PATENTS—SUIT FOR INFRINGEMENT—MULTIFARIOUSNESS OF BILL.

    A bill for the infringement of a patent, which also alleges, and seeks to recover damages for, unfair trade and competition in the sale of the patented article prior to the issuance of the patent, is multifarious; the two causes of action being entirely distinct from each other.

These are two suits in equity by the Ball & Socket Fastener Company against Julius Cohn and others, each for the infringement of a patent, and for an accounting, and the recovery of damages for unfair competition in trade. Heard on demurrers to the bills.

George Θ. G. Coale, for plaintiff.
Odin B. Roberts, for defendants.

WHEELER, District Judge. One suit is brought for alleged infringement of patent No. 604,637, applied for June 20, 1895, dated May 24, 1898, and granted to William S. Richardson, assignor to the plaintiff, for an improvement in detachable fasteners for gloves and garments. The other is brought for alleged infringement of design patent No. 27,865, applied for April 29, 1897, dated November 16, 1897, granted to William S. Richardson for a design for the socket member

of such fasteners, and assigned, with back damages for infringement, May 20, 1898, to the plaintiff.    Each bill, besides, alleges:

"That the orator has been long in business, and has established a good standing, and began to make and sell the patented fastener in the summer of 1895, for which there has been and is a large market; that the articles in question are small, and sold in large quantities, and that it is extremely difficult, though not impossible to those skilled in the art, to determine whether certain fasteners are made by your orator, and under said letters patent, or are made in defiance of your orator's said right, so closely do defendants' fasteners resemble your orator's; that the defendants, so your orator is informed and believes, are large jobbers and distributors, and have been and are selling fasteners in varying quantities to other dealers, made in imitation of your orator's said fastener (by whom your orator is ignorant), and until recently have sold said goods in bulk, and without disclosing upon the package by whom they were made or sold; and your orator is informed and believes that the said spurious and infringing goods have been sold surreptitiously in large quantities in all parts of this country, and in unfair competition with the goods of your orator, and that these defendants have availed themselves of said advertising of your orator, and of the business push and enterprise by which your orator first made known the value of these goods to the public, to make sales herein complained of, to the manifest injury of your orator, and the defendants have derived and still continue to derive from such use of the said invention, and of the reputation of your orator, large gains and profits,"—and prays that "the said defendants may be compelled by decree of this court to account for and pay over to your orator all such gains and profits as have accrued to or have been received by them by reason of their unlawful acts hereinbefore complained of, and also the damages which your orator has sustained by said unlawful acts of the said defendants."

The bills have been demurred to for multifariousness, and the cases have been heard together.    If the bills had not gone back of the issue of the respective patents, in alleging the unfair and unlawful competition in trade, they would have been good, as setting out only the different consequences of the same act, as held by Judge Shipman in Adee v. Peck Bros. & Co., 39 Fed. 209, followed by Judge Dallas in Jaros Hygienic Underwear Co. v. Fleece Hygienic Underwear Co., 60 Fed. 622.    The plaintiff does not, and would not seem to be entitled to, set up and recover for any infringement before the grant of the patents.    Rein v. Clayton, 37 Fed. 354; Kirk v. U. S., 163 U. S. 49, 16 Sup. Ct. 911.    The unlawful competition before that is entirely distinct from any infringement after; and the setting that up as a ground for relief, with that for the infringement of the patent in each case, makes two cases for distinct relief in the same bill.    That the relief sought for the unlawful competition before the patents is of the same nature as that which might be included with that for the infringements after, does not cure the difficulty.    The acts are separate, and their consequences distinct.    The defendants, as the bills are framed, would have to answer two separate and distinct matters in each case.    If this could be required, these two bills could, probably, as well have been joined in one as to have been brought separately. Demurrers sustained.