WEED et al. v. GAY et al.

(Circuit Court, D. Connecticut. May 4, 1908.)

No. 1,259.

PATENTS—SUIT FOR INFRINGEMENT—PLEADING.

A bill for infringement of a patent and for unfair competition in trade construed, and *held* good on demurrer, and not multifarious.

In Equity. On demurrer to bill.

Paragraph 8 of bill of complaint is as follows:

"(8) And your orators further show on information and belief that the defendants now have on hand, ready for sale in the city of Hartford, state of Connecticut, in said district of Connecticut, and is now advertising and soliciting sales, and is offering and exposing for sale, large numbers of antiskidding devices embodying the inventions, discoveries, and improvements set forth and claimed in said letters patent, and which antiskidding devices and all necessary parts thereof the defendants threaten to sell, and actually have sold a large number of such antiskidding devices in the city of Hartford, state of Connecticut, and elsewhere in the district of Connecticut, in violation of your orators' rights under said letters patent No. 567,245, and your orators further allege that William F. Ledger, George A. Gay, and Harry B. Strong are guilty of unfair competition in trade, in that they have copied, and are still continuing to copy, the circulars of the complainant, Weed Chain Tire Grip Company, thereby leading the trade and customers of the Weed Chain Tire Grip Company to believe that the chains sold by the defendants are of the same quality as the chains manufactured and sold by your orator, Weed Chain Tire Grip Company."

To the bill defendants filed a demurrer as follows:

"These defendants, respectively, by protestation, not confessing or acknowledging all or any of the matters and things in the said plaintiff's bill to be true in such manner and form as the same are therein set forth and alleged, demur thereto, and for cause of demurrer show that it appears by said bill that the same is exhibited against these defendants for distinct and unconnected matters and causes and is altogether multifarious.

"Wherefore, and for divers other good causes of demurrer appearing in said bill, these defendants jointly and severally demur thereto, and humbly demand the judgment of this court whether they shall be compelled to make any other or further answer to said bill, and pray to be hence dismissed with their costs and charges, in this behalf most wrongfully sustained.

Howard P. Denison, for complainants.

Daniel A. Rollins, for defendants.

PLATT, District Judge. I think that paragraph 8 of the bill may fairly be construed as alleging that the defendants are selling devices which infringe the patent, and are copying complainant's circulars about the patented device for an unfair purpose.

The proofs must conform to such contruction, and to make assurance doubly sure, let the words "under said letters patent" be placed as an ending to paragraph 8. This may be done without costs to either party.

The demurrer being disposed of let the pleadings go forward in the regular way.