## T. B. WOODS SONS CO. v. VALLEY IRON WORKS.

(Circuit Court, M. D. Pennsylvania. January 11, 1909.)

1. PATENTS (§ 310*) — SUITS FOR INFRINGEMENT — PLEADING — MULTIFARIOUS-
NESS.

A bill for infringement of a patent, and also for unfair competition in imitating in the infringing article the distinctive form of the complainant's patented article, is not multifarious, when both causes of action are based on the same acts.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 518; Dec. Dig. § 310.*]

2. COURTS (§ 290*)—JURISDICTION OF FEDERAL COURTS—BILL STATING DIFFER-
ENT CAUSES OF ACTION.

In a suit for infringement of a patent, of which a federal court has jurisdiction because of the subject-matter, although the parties are citizens of the same state, it has also jurisdiction to grant relief against unfair competition by imitating in the infringing article the distinctive form and appearance of complainant's patented article.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 832; Dec. Dig. § 290.*]

In Equity. On demurrer to bill.

E. J. Prindle (Arthur Wright, on the brief), for plaintiff.
F. B. Brock, for defendant.

ARCHBALD, District Judge. There are two causes of action, or at least two grounds of relief, set out in the bill. One is the infringement of letters patent, and the other unfair competition in trade, in imitating the distinctive form by which the complainant's patented article, as it is claimed, has become commercially known. The parties are both citizens of Pennsylvania, and the court, therefore, would have no jurisdiction of the charge of unfair competition, independent of the fact that it has to do with the same device as to which infringement is charged. Having acquired jurisdiction by virtue of the patent features of the case, is the court authorized to go on and consider other matters, as to which, without this, it could not take separate cognizance?

A demurrer was sustained to such a bill on the ground of multifariousness in Keasby v. Philip Carey Mfg. Co. (C. C.) 113 Fed. 432, and in King v. Inlander (C. C.) 133 Fed. 416. But it is clear by authority that a bill which proceeds at the same time for the infringement of a patent and for unfair competition with respect to the article patented is not open to that charge, at least where they are only different consequences of the same act. Adee v. Peck (C. C.) 39 Fed. 209; Jaros Hygienic Underwear Co. v. Fleece Underwear Co. (C. C.) 60 Fed. 622; Ball & Socket Fastener Co. v. Kohn (C. C.) 90 Fed. 664; Globe-Wernicke Co. v. Fred Macy Co., 119 Fed. 696, 703, 56 C. C. A. 304; Adam v. Folger, 120 Fed. 260, 56 C. C. A. 540; Weed v. Gay (C. C.) 160 Fed. 695. The real objection, if any, is that as to the one charge the court is without jurisdiction; as to which it must be conceded that, where the two are distinct and independent, the

bill cannot proceed upon both—the one, as to which the requisites giving jurisdiction exist, not being able to be drawn upon to help out the other, as to which they do not. If that was the situation here, the demurrer would have to be sustained.

But it is an established rule in equity that, having taken cognizance of a case upon any ground on which jurisdiction is given, the court will proceed to dispose of the whole controversy between the parties, even though there may be certain phases of it as to which, by themselves, it would not. And that rule is applicable here. The unfair competition of which complaint is made is not a distinct and independent act, leading to an inquiry into different and unrelated transactions, constituting a separate cause of action. It is rather an aggravation of the infringement, by which the defendants, according to the bill, have not only copied the principle of the patented device, but the very form of it, taking advantage of the trade which has been worked up for it, and palming off their own upon the public as that of the complainants. It is thus merely an added feature, going along with the rest to show the extent and aggravated character of the infringement which the bill seeks to enjoin. That, at least, is the way I am inclined to look at it at this stage of the case, where every presumption in favor of the bill is to be indulged. Should I come to regard it differently later on, it will be easy to strike out whatever has been brought in on this account.

The demurrer is overruled, and the defendant is directed to answer over within 30 days.