JOHNSTON et al. v. BRASS GOODS MFG. CO.

(District Court, E. D. New York. December 20, 1912.)

COURTS (§ 299*)—FEDERAL COURTS—JURISDICTION.

A bill, alleging infringement of a patent in the manufacture and sale of filters, and unfair competition in selling filters, and praying for an injunction restraining the infringement and the sale of filters in the types of packages complained of, is demurrable, where both parties are citizens of the same state, on the ground that the court has no jurisdiction over the unfair competition; and complainant will be given leave to amend, so as to stand on alleged infringement alone.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 841; Dec. Dig. § 299.*]

In Equity. Suit by George W. Johnston and others against the Brass Goods Manufacturing Company. Demurrer to complaint sustained, with leave to amend.

The bill of complaint alleged infringement of a patent in the manufacture and sale of filters, and also alleged unfair competition in selling the filters in packages alleged to have the same shape, size, color, and printing as those of the complainants. The bill of complaint prayed for an injunction restraining the alleged infringement, and also prayed for an injunction or injunctions restraining the sale of filters of any kind in the types of packages or boxes complained of. Both parties were citizens of the same state, and the demurrer was sustained, on the ground that the court had no jurisdiction over the unfair competition, and that its jurisdiction of the alleged infringement did not bring into the case or give the court jurisdiction of the alleged unfair competition.

Charles McC. Chapman, of New York City, for complainants.

Henry C. Townsend, of New York City (C. F. J. Tischner, of New York City, of counsel), for defendant.

CHATFIELD, District Judge. The demurrer must be sustained. Burt et al. v. Smith, 71 Fed. 161, 17 C. C. A. 573, Hutchinson, Pierce & Co. v. Loewy, 163 Fed. 42, 90 C. C. A. 1, and National Casket Co. v. New York & Brooklyn Casket Co. (C. C.) 185 Fed. 533, settle the law in this circuit. As well could infringement and an action for specific performance of contract to sell real estate between the parties to the patent suit be united, on the ground that the court had jurisdiction of the parties. See, also, Cushman v. Atlantis Fountain Pen Co. et al. (C. C.) 164 Fed. 94; Keasbey & Mattison Co. v. Philip Carey Mfg. Co. (C. C.) 113 Fed. 432; C. L. King & Co. v. Inlander (C. C.) 133 Fed. 416.

The case of Ball & Socket Fastener Co. v. Cohn et al. (C. C.) 90 Fed. 664, which is cited by complainant, following Adee v. Peck Bros. & Co. (C. C.) 39 Fed. 209, cannot be considered as sufficient to support the contrary view. The Adee Case, supra, as well as Jaros Hygienic Underwear Co. v. Fleece Hygienic Underwear Co. (C. C.) 60 Fed. 622, and Dennison Mfg. Co. v. Thomas Mfg. Co. (C. C.) 94 Fed. 651, seem, in so far as they affect the question, to have had other

grounds of federal jurisdiction in the cause of action joined to the patent right.

Complainant may have 10 days to amend, so as to stand on alleged infringement alone.