JACOWAY v. YOUNG et al.

(Circuit Court of Appeals, Eighth Circuit. November 16, 1915.)

No. 4434.

1. TRADE-MARKS AND TRADE-NAMES &#9758;30—RIGHTS OF EMPLOYÉS.

Complainant owned a tobacco store, known as the "Old Smoke House," and placed on the market a mixture of smoking tobacco known as the "Old Smoke House Blend," and registered those words as his trade-mark. R., who was in complainant's employ, and who had previously owned the business, claimed to have been the originator of the blend, and when he left complainant's employ, and entered that of defendants, he claimed to carry with him the right and title to such blend. Defendants put out packages of smoking tobacco similar in size and general appearance to those of complainant, bearing a label describing it as the "Famous Magic Blend," and stating, "None genuine without the picture of 'Old Smoke House' Root, the Tobacco Wizard." Complainant's bill for infringement was dismissed on the grounds that R. never parted with the exclusive right to compound and sell his brand of smoking tobacco, and that the label containing the words "Smoke House" used the words to indicate by whom the article was compounded. *Held*, that this was error, as a trade-mark has no efficacy except in connection with the business in which it is used, and R. going from complainant to defendants in the capacity of a mere employé, and dealing with goods and a business not his own, could not carry with him a registered trade-mark or personal rights destructive thereof, while the doctrine of prior use did not apply, as the exclusive right to the use of a trade-mark rests on such use as makes it point out the origin of the claimant's goods, and whatever prior use was shown took place in the Old Smoke House business, which, with all its rights, had accrued to complainant.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 33, 34; Dec. Dig. &#9758;30.]

2. TRADE-MARKS AND TRADE-NAMES &#9758;33—CONVEYANCES AND ASSIGNMENTS.

A trade-mark cannot be assigned separately from the business in which it is used, and ordinarily passes with a transfer of the business.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 37; Dec. Dig. &#9758;33.]

3. TRADE-MARKS AND TRADE-NAMES &#9758;70—INFRINGEMENT—ACTS CONSTITUTING.

Complainant's trade-mark, "Old Smoke House Blend," used in connection with a mixture of smoking tobacco, *held* infringed by defendants' label, referring to person whose picture appeared thereon as "Old Smoke

&#9758;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

House Root"; the entire wording being such as to persuade the buyers that defendants' product was in reality the "Old Smoke House" product.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. § 81; Dec. Dig. ⬅➡70.]

4. EQUITY ⬅➡39—COMPLETE RELIEF—UNFAIR COMPETITION.

In a suit to enjoin infringement of a valid trade-mark used in connection with a mixture of smoking tobacco, where the District Court had jurisdiction of the parties and of the subject-matter, for the purpose of enjoining the infringement, it had jurisdiction also to enjoin the use by defendant of an address to pipe smokers, originating in complainant's place of business or used on its labels, under the rule that equity, having taken cognizance of a case on any ground on which jurisdiction is given, will proceed to dispose of the whole controversy.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 104-114; Dec. Dig. ⬅➡39.]

Appeal from the District Court of the United States for the District of Colorado; John A. Riner, Judge.

Suit by Duncan L. Jacoway against Charles A. Young and others. From a decree dismissing the bill, complainant appeals. Reversed, with directions.

John A. Gordon, of Denver, Colo. (John Thomas Maley, of Denver, Colo., on the brief), for appellant.

D. Edgar Wilson, of Denver, Colo. (George L. Hodges and Lafayette F. Crawford, both of Denver, Colo., on the brief), for appellees.

Before CARLAND, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

VAN VALKENBURGH, District Judge. This is a bill to restrain infringement of trade-mark and for accounting. The court below held that the action complained of did not constitute infringement, and entered a decree dismissing the bill.

The trade-mark involved concerns smoking tobacco, and is registered as "Old Smoke House." This mark, as disclosed by the application and statement filed in the United States Patent Office, is designed to be applied or affixed to the goods or to the packages, boxes, or receptacles containing the same, etc., and is intended to stamp the goods put out by complainant, who has, for some years owned and operated, in Denver, Colo., a store known and characterized as the "Old Smoke House." The trade-mark was applied for December 21, 1906, and was duly registered March 19, 1907. The statement alleges and the proof shows that this mark has been continuously used in complainant's business since about June 1, 1905. On that date one Myron A. Root was in the employ of complainant. He had previously owned this same place of business, but it had passed from his hands, and, by conveyance and by operation of law, had become vested in complainant Jacoway. It was while Root was thus employed at complainant's place of business that a mixture of smoking tobacco known and characterized as "Old Smoke House Blend" was prepared and offered to the trade. Root claims to have

been the originator of this blend. However that may be, Jacoway applied for and obtained this trade-mark for the protection of this product of his business. A label containing the trade-mark was applied to packages of tobacco prepared by the house, and upon that label appeared an address to pipe smokers, which originated in appellant's place of business. This label, containing both the trade-mark and the address aforesaid, is as follows:

Later on Root left the employ of appellant and entered that of appellees. He claims that while in the employ of appellant he had been accorded the soubriquet "Old Smoke House Root, the Tobacco Wizard," and that he carried with him also the right and title to the "Old Smoke House Blend," of which he likewise claims he was the originator. In conformity with these claims, appellees have put out packages of smoking tobacco, similar in size and general appearance to those prepared by appellant as aforesaid, upon which the following label appears:

In this action appears the invasion of appellant's rights, of which complaint is made. The court below dismissed the bill on the stated grounds: First, that Root never parted with the exclusive right to compound and sell his particular blend of smoking tobacco; second, that the label containing the words "Smoke House" used these words not to indicate where, but by whom, the article is compounded.

[1-3] This holding involves a misconception of the theory which underlies the law governing trade-marks and affording protection to the property right created thereby. A trade-mark has no efficacy except in connection with the business in which it is used. It cannot be assigned separately therefrom, and ordinarily passes with a transfer of the business. It may be true that Root was a handler and blender of tobaccos, as he claims. This alone would not confer trade-mark rights. Nothing of record impeaches this mark, which is arbitrary, distinctive, and apt for the purposes for which it was

designed. It was applied for and secured by complainant in connection with his business. Root, the individual, going from complainant to respondent, in the capacity of a mere employé, dealing with goods and a business not his own, could not carry with him a registered trade-mark, nor personal rights destructive thereof. The doctrine of prior use does not apply in such a case, because the exclusive right to the use of a trade-mark rests not on invention, but on such use as makes it point out the origin of the claimant's goods. It must be early enough for that, but absolute priority is not required. Tetlow v. Tappan (C. C.) 85 Fed. 774. Moreover, whatever prior use is shown took place in the Old Smoke House business, which, with all its rights, has accrued to appellant. It is very evident that respondent's package is intended to, and does, appropriate the characteristic trade-mark features of complainant's package. The employment of the word "Magic" as descriptive of respondents' blend does not relieve, because the entire wording of the trade-mark appears upon the packages in such connection as to persuade the buyer that this is, in reality, the "Old Smoke House," product. The trade-mark being valid, and no serious contention is made to the contrary, respondents' package is, well within the doctrine announced in all the cases, an infringement.

[4] Appellant also charges appellees with unfair trade in the use of the address to pipe smokers, to which reference has been made, in connection with the unwarranted use of the trade-mark itself. The trade-mark found to be valid, the District Court had jurisdiction of the parties, and of the subject-matter, for the purpose of enjoining not only the infringement of that trade-mark, but also all wrongful acts done in connection with the infringement which augment and aggravate the wrong. Ross v. Geer (C. C.) 188 Fed. 731. This flows from the general rule of equity that, having taken cognizance of the case, upon any ground on which jurisdiction is given, the court will proceed to dispose of the whole controversy between the parties. Woods Co. v. Valley Iron Works (C. C.) 166 Fed. 770; Hobbs v. Gooding (C. C.) 164 Fed. 91; White v. Ewing, 159 U. S. 36, 15 Sup. Ct. 1018, 40 L. Ed. 67.

Appellant is entitled to a decree enjoining appellees, their agents, and employés from using the trade-mark "Old Smoke House" in connection with packages of smoking tobacco as prayed; also from using the address to pipe smokers upon their labels applied to such packages of smoking tobacco; also for an accounting for the period beginning with the filing of the petition in the court below.

The decree of the District Court is reversed, with directions to enter a decree in accordance with the views herein expressed. It is so ordered.