SHRAUGER & JOHNSON v. PHILLIP BERNARD CO.

(District Court, N. D. Iowa, W. D.    March 8, 1917.)

1. COURTS ☞255—FEDERAL COURTS—JURISDICTION.
    The jurisdiction of the federal courts, whether original or appellate, must be derived from the Constitution and acts of Congress.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 792, 794, 805.]

2. COURTS ☞290—FEDERAL COURTS—JURISDICTION.
    In a suit between citizens of the same state brought in the federal court on the ground that a patent was involved, the court cannot, on the theory that having taken jurisdiction it should dispose of all controversies between the parties, grant an injunction restraining unfair competition regardless of the infringement of the patent, where the two matters were wholly separate; for as the jurisdiction of the federal court's is limited by statute, the rule that a court of equity, having taken cognizance of a case upon any ground on which jurisdiction is given, will proceed to dispose of the whole controversy between the parties, does not apply.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 832.]

In Equity.    Bill by Shrauger & Johnson against the Phillip Bernard Company.    On application for temporary injunction.    Application overruled.

Orwig & Bair, of Des Moines, Iowa, for plaintiff.
T. F. Griffin, of Sioux City, Iowa, for defendant.

WADE, District Judge.    The application for temporary injunction in this case. was heard upon request of Judge Reed.    Proof was offered which satisfies me that in some respects the defendant was guilty of unfair competition.

There was no proof offered as to the validity of the patent, though numerous affidavits in opposition thereto were presented.    At the close of the hearing, I submitted to counsel the question as to whether temporary injunction restraining unfair competition should be granted without any proof as to the patent, the controversy as to which alone gives the court jurisdiction.

[1] Briefs have been furnished, and I have made a careful investigation of the authorities, which I find to be apparently very much in conflict, though, upon a careful study, I think it will be found that the conflict is more apparent then real.

"It must be observed in the outset, and never forgotten, that the jurisdiction of the courts of the United States, depending on the subject-matter or character of the case, whether exercised directly as original jurisdiction, or indirectly in the form of appellate jurisdiction over final judgments of the state courts, extends to, and is limited by, the class of cases specified in the Constitution, in which the jurisdiction depends upon the character of the case."    Nashville Ry. v. Taylor (C. C.) 86 Fed. 168.

"As regards all courts of the United States inferior to this tribunal, two things are necessary to create jurisdiction, whether original or appellate.    The Constitution must have given to the court the capacity to take it, and an act of Congress must have supplied it.    Their concurrence is necessary to vest it."    Mayor v. Cooper, 6 Wall. 252, 18 L. Ed. 851.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Upon the averments of the bill charging infringement of a patent, there is no question but that the court has jurisdiction of the case; at least in so far as the case seeks relief, based upon the patent, and of other things incidental thereto.

[2] Counsel for plaintiff insist that, the court having jurisdiction as to the controversy over the patent, it also has jurisdiction upon the matter of unfair trade, even though such matter has no connection whatsoever with the patent, and they rely for this claim upon the rule of equity that:

"Having taken cognizance of the case upon any ground upon which jurisdiction is given, the court will proceed to dispose of the whole controversy between the parties."

Broadly stated, I do not agree with this proposition. I do agree with the proposition, if the word "controversy" is limited to include only the questions arising directly or indirectly out of the subject-matter which gives the court jurisdiction. I cannot agree that a suit may be brought upon a patent in the United States court in a controversy as to which the court would have jurisdiction, and that plaintiff can join therewith a suit for specific performance of a contract to convey real estate in no manner connected with the patent controversy, or an action to enjoin the defendant from trespassing upon the plaintiff's homestead. I believe that the court would be compelled to strike out these two causes of action upon motion, or upon its own motion; but if this were not done, and the parties proceeded to trial, and the court held that the defendant was entitled to recover in the controversy over the patent, I do not believe that the court would have jurisdiction to retain the other two causes of action and decide them, the parties being residents of the same state, and the cases involving no questions arising under the laws of the United States.

So far as the question is before this court, the cause of action for unfair competition is entirely independent of the cause of action based upon the patent, and of such proceeding by itself it has been repeatedly held that, where the parties are residents of the same state, as in this case, the United States court has no jurisdiction.

In many cases the element of unfair competition has been included with the charge of infringement of a patent, or a trade-mark, and, where the court held that there was infringement, the court properly retained jurisdiction upon the question of unfair competition, because it was an element that entered into the damages caused by the wrong.

In certain cases where there was combined the charge of infringement, and also unfair competition, courts have held that, even though the claim of infringement was decided in favor of the defendant, the court still could retain jurisdiction upon the question of unfair competition; but the large majority of the cases are the other way.

I think the rule is properly stated in Ross v. Geer (C. C.) 188 Fed. 731, where it is said:

"If having jurisdiction for one purpose, the court may retain and exercise jurisdiction for every purpose, still that purpose, or those purposes, must be to enjoin or restrain some act or acts done in connection with the acts creating the cause of action which gave the court jurisdiction."

This principle is applied by Judge McPherson in People's Sav. Bank v. Layman (C. C.) 134 Fed. 635.

In Louisville Trust Co. v. Stone, 107 Fed. 305, 46 C. C. A. 299, it is said:

"When the jurisdiction has properly attached, it extends to the whole case, and to all the issues involved, whether of a federal or non-federal character, and the court has power to decide upon all questions involved."

This broad statement is somewhat doubtful in view of the attitude of the Supreme Court of the United States in Warner v. Searle, 191 U. S. 195, 24 Sup. Ct. 79, 48 L. Ed. 145, in which it is said:

"The courts of the United States cannot take cognizance of an action on the case or a suit in equity between citizens of the same state, 'unless the trade-mark in controversy is used on goods intended to be transported to a foreign country, or in lawful commercial intercourse with an Indian tribe.'"

In A. Leschen Co. v. Bascom Co., 201 U. S. 166, 26 Sup. Ct. 425, 50 L. Ed. 710, in which a trade-mark was involved, but where the decision on this point was against the plaintiff, it is said:

"Nor can we assume jurisdiction of this case as one wherein the defendant has made use of plaintiff's device for the purpose of defrauding the plaintiff and palming off its goods upon the public as of the plaintiff's manufacture. Our jurisdiction depends solely upon the question of whether plaintiff has a registered trade-mark, valid under the act of Congress, and, for the reasons above given, we think it has not."

In Standard Paint Co. v. Trinidad Asphalt Co., 220 U. S. 446, 31 Sup. Ct. 456, 55 L. Ed. 536, the court says:

"The case at bar is within the letter of the statute. The opposite parties to the suit are citizens of different states, and while this diversity of citizenship was not necessary to give the Circuit Court jurisdiction of the case in so far as it involved the validity of the trade-mark, it was necessary to give the court jurisdiction of the issue of unfair competition."

Numerous decisions of the District Courts and the Circuit Courts of Appeal squarely hold that the issue upon a trade-mark and unfair competition cannot be joined.

Judge Chatfield, in Johnston v. Brass Goods Co. (D. C.) 201 Fed. 368, says:

"As well could infringement and an action for specific performance of a contract to sell real estate between the parties to the suit be united, on the ground that the court had jurisdiction of the parties."

Other authorities to the same effect are C. L. King & Co. v. Inlander (C. C.) 133 Fed. 416; National Casket Co. v. New York & Brooklyn Casket Co. (C. C.) 185 Fed. 533; Mecky v. Grabowski (C. C.) 177 Fed. 591; U. S. Co. v. Kroncke Co. (7th Cir.) 234 Fed. 868, —— C. C. A. ——; and numerous cases cited in the foregoing.

There are cases holding the other way, but careful examination of them destroys their value as supporting the claim of the plaintiff. For instance, in Jacoway v. Young, 228 Fed. 630, 143 C. C. A. 152 (8th Cir.), the trade-mark was found to be valid, and the court says:

"The trade-mark found to be valid, the District Court had jurisdiction of the parties and of the subject-matter for the purpose of enjoining, not only

the infringement of that trade-mark but also all wrongful acts done in connection with the infringement which augment and aggravate the wrong."

In Ludwigs v. Payson Co., 206 Fed. 60, 124 C. C. A. 194, the court says:

"Whether or not such damages are cognizable if two separate and distinct matters or transactions are offered for investigation, or if, one matter alone being in evidence, the patent fails, we need not consider; for here the patent is found to be valid and infringed."

The true rule, as I gather it from all the adjudications, is indicated from the language of Judge Archbald in Woods v. Valley Iron Works (C. C.) 166 Fed. 770, in which he says:

"But it is an established rule in equity that, having taken cognizance of a case upon any ground of which jurisdiction is given, the court will proceed to dispose of the whole controversy between the parties, even though there may be certain phases of it as to which, by themselves, it would not; and that rule is applicable here. The unfair competition of which complaint is made is not a distinct and independent act, leading to an inquiry into different and unrelated transactions, constituting a separate cause of action. It is rather an aggravation of the infringement, by which the defendants, according to the bill, have not only copied the principle of the patented device, but the very form of it, taking advantage of the trade which has been worked up for it, and palming off their own upon the public as that of the complainants. It is thus merely an added feature, going along with the rest to show the extent and aggravated character of the infringement which the bill seeks to enjoin."

But in this case, as presented to this court, the unfair competition is "a distinct and independent act." It has no relation whatsoever to the patent. The patent is not relied upon. Infringement is not relied upon. It is to all intents and purposes a cause of action separate and distinct from the cause of action upon the patent. I am not referring to the form of the bill; I am referring to the controversy submitted to me. There is a motion presented to dismiss this part of the bill, which I do not consider, because it is not before me. I can see where, upon the case involving the patent, at least some of the questions presented alleging unfair competition might be so related to the infringement, if infringement be found, as to be held to be an aggravation of the infringement, or the damages incident thereto; but upon this hearing the plaintiff does not rest its cause of action upon the patent, or anything flowing therefrom; but it is presented to me as an independent cause of action, and jurisdiction is claimed because there is also before the court a cause of action upon the patent.

As at present advised, if a bill presented two separate counts, stating two separate and independent causes of action, one for a patent infringement, and the other for unfair competition, entirely independent of the infringement, I should hold that the cause of action for unfair competition should be stricken out. The court has no such jurisdiction conferred by statute, and the rule contended for relates rather to the practice of a court of equity, than it does to the jurisdiction of the court.

With the foregoing views, the application for a temporary injunction must be denied, and the clerk will enter the following order:

And now, to wit on this 8th day of March, 1917, the application for a temporary injunction in the above-entitled case having heretofore been presented, and the court, being now fully advised, finds that said application should be, and the same is, hereby overruled.

The plaintiff excepts.