SHRAUGER & JOHNSON v. PHILLIP BERNARD CO.

(District Court, N. D. Iowa, W. D.  November 7, 1917.)

No. 43.

1. TRADE-MARKS AND TRADE-NAMES ⬤⟲72—FEDERAL COURTS—JURISDICTION.
　　While the federal courts, regardless of diversity of citizenship, have jurisdiction of a suit for infringement of a patent or registered trademark, such tribunals are without jurisdiction of a suit between corporations of the same state for infringement of an alleged common-law trademark and unfair competition.

2. PATENTS ⬤⟲172—VALIDITY—PROTECTION.
　　Under Rev. St. § 4886 et seq. (Comp. St. 1916, § 9430 et seq.), one who discovers that a useful result will be produced in any article, machine, or

⬤⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

manufacture, by the use of certain means is entitled to 'a patent therefor, provided he shall specify the means he so uses to produce the result in a manner so full that any one skilled in the art to which it pertains can by using the means so specified, without any addition thereto or subtraction therefrom, produce precisely the result so described, but if this cannot be done by the means described the patent is void, and the patentee is not entitled to have his claims construed, so as to include that which was rejected by the Patent Office or is disclosed by prior devices.

3. PATENTS ⟨Key⟩328—VALIDITY—DESCRIPTION IN CLAIM.

The Shrauger patent, No. 1,134,642, for improvements in window frames, the only claim of which described the improvement as "a frame comprising one-piece frame members, having flat portions frame members having formed thereon upwardly extending supporting portions," etc., held invalid on account of the vagueness and ambiguity of the description of the only claim; the patentee not being allowed to construe the claim, so as to include therein what was rejected by the Patent Office or is disclosed by prior devices.

4. PATENTS ⟨Key⟩161—CONSTRUCTION—SCOPE.

An application for a patent for a narrow improvement in an old and well-developed art should be strictly construed.

5. PATENTS ⟨Key⟩16—"INVENTION"—WHAT CONSTITUTES.

A mere mechanical improvement, which could be termed but a shade of an idea, is not an invention which is patentable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Invention.]

6. PATENTS ⟨Key⟩328—VALIDITY—INVENTION.

The Shrauger patent, No. 1,134,642, for an improvement in metallic window frames, held, in view of the prior art, to be void for want of invention.

In Equity. Petition by Shrauger & Johnson, a corporation, against the Phillip Bernard Company, a corporation. On final hearing. Petition dismissed.

The plaintiff, an Iowa corporation, brought this suit against the defendant, the Phillip Bernard Company, another Iowa corporation, May 24, 1916, for the alleged infringement of United States letters patent No. 1,134,642, issued to Darius E. Shrauger, president of the plaintiff corporation, April 6, 1915, upon an application therefor filed in the Patent Office August 25, 1913, for improvements in "metallic window frames." The petition is in one count, and also alleges that plaintiff during the year 1912, "adopted the word 'Sunshine,' as a trade-mark applicable to the metallic window frames that were being manufactured and sold by plaintiff under said letters patent," and that it was entitled to the exclusive use of said trade-mark; that defendant also unlawfully infringed said trade-mark as the name of "metallic window frames" which it was making and selling in infringement of plaintiff's said patent, and claims damages of the defendant in the sum of $35,-000, for the unlawful infringement of plaintiff's letters patent, and more than $25,000 for its alleged infringement of plaintiff's trademark, and prays judgment in treble damages therefor, and for an accounting and costs. October 26, 1916, the plaintiff amended its petition by adding thereto a paragraph alleging that defendant was guilty of unfair competition in trade in the use it was making of plaintiff's trade-

mark, in its advertising matter whereby defendant was fraudulently inducing the public to believe that the metal window frame it was making and selling was in fact the plaintiff's window frame, and it prays an injunction against the defendant, restraining it temporarily and permanently from infringing plaintiff's said patent and trade-mark, and from further continuing its unfair competition in trade.

The defendant answered the petition and amendment thereto: (1) Admitted the issuance of the patent in suit; (2) denied infringing the same; (3) alleged its invalidity for want of patentable novelty; (4) denied that it was guilty of unfair competition in trade; (5) denied the validity of plaintiff's alleged trade-mark; and (6) denied the jurisdiction of the court to entertain the suit so far as plaintiff claims for infringement of its alleged trade-mark, and for unfair competition in trade—and moves to dismiss the petition for want of jurisdiction of the court to hear or determine such claims, and for costs.

Orwig & Bair, of Des Moines, Iowa, for plaintiff.

Thomas F. Griffin, of Sioux City, Iowa, and E. G. Siggers, of Washington, D. C., for defendant.

REED, District Judge (after stating the facts as above). After taking its preliminary proofs, the plaintiff moved for a temporary injunction restraining the defendant during the pendency of this suit as prayed in the petition and amendment thereto, which was set for hearing before Judge Wade, who upon the hearing of such motion overruled the same. Shrauger & Johnson v. Phillip Bernard Co. (D. C.) 240 Fed. 131. Thereafter the final proofs were taken, and the cause is now before the court for final hearing upon the merits.

[1] The defendant renews its motion to dismiss the suit for want of jurisdiction of the court as to plaintiff's claims for infringement of its alleged trade-mark, and for unfair competition in trade. So far as the suit is to recover from the defendant for the alleged infringement of the patent, and to restrain further infringement thereof, it is not denied that so much of the suit as so claims is within the jurisdiction of this court, irrespective of the citizenship of the parties thereto. But so far as it seeks to recover for the alleged infringement of plaintiff's trademark, and for unfair competition in trade, it is well settled that the federal courts have no jurisdiction of such controversies between citizens or corporations of the same state. Elgin National Watch Co. v. Illinois Watch Co., 179 U. S. 665, 21 Sup. Ct. 270, 45 L. Ed. 365; Warner v. Searle & Hereth Co., 191 U. S. 195, 24 Sup. Ct. 79, 48 L. Ed. 145; Leschen & Sons Rope Co. v. Broderick & Bascom Rope Co., 134 Fed. 571, 67 C. C. A. 418, affirmed 201 U. S. 166, 26 Sup. Ct. 425, 50 L. Ed. 710; Ungles-Hoggette Mfg. Co. v. Farmers' Hog & Cattle P. Co., 232 Fed. 116, 146 C. C. A. 308.

In Leschen & Sons Rope Co. v. Broderick Co., above, both complainant and defendant were corporations of Missouri engaged in manufacturing and selling wire rope in that state. The complainant had registered a trade-mark under the act of Congress of March 3, 1881, (21 Stat. 502, c. 138), under which it claimed the right to use said trademark as indicative of its manufacture. The appellant, who was the

complainant below, filed its bill to restrain the defendant from infringing said trade-mark. The trial court sustained a demurrer to the bill and dismissed the suit. On appeal the Court of Appeals said:

"Much is said in the brief of appellant to the effect that the defendant has been guilty of unfair trade competition by palming off on the public rope of its manufacture as complainant's rope. This is a subject, however, over which the federal courts have no jurisdiction. Complainant and defendant are both citizens of the same state, and for this reason jurisdiction is confined to the trade-mark as registered. If that mark is invalid, the federal courts are without authority to grant any relief on the ground of unfair trade competition."

The court found that the trade-mark was invalid, and that the court rightly dismissed the bill, and its decree was affirmed. In affirming this decree the Supreme Court, in Leschen Rope Co., v. Broderick, 201 U. S. 166, at page 172, 26 Sup. Ct. 425, at page 427 (50 L. Ed. 710), said:

"Nor can we assume jurisdiction of this case as one wherein the defendant had made use of plaintiff's device for the purpose of defrauding the plaintiff and palming off its goods upon the public as of the plaintiff's manufacture. Our jurisdiction depends solely upon the question whether plaintiff has a registered trade-mark valid under the act of Congress, and for the reasons above given, we think it has not."

And the decree of the court was affirmed.

It is unnecessary to pursue this question further, for the plaintiff has no registered trade-mark, and the suit is wholly between corporations of the same state. The defendant's motion to dismiss the petition as to claims for infringing the plaintiff's alleged trade-mark, and for unfair competition in trade must be and is sustained for want of jurisdiction.

[2, 3] The remaining questions are: (1) Has the plaintiff a valid patent upon its "metallic window frames" made and sold by it? and (2) has the defendant infringed the same? As already stated, the application for the patent was filed in the Patent Office August 25, 1913; and four claims were made therein for patents upon plaintiff's device. These four claims were all rejected by the Patent Office upon reference to the following named prior patents: Wehrle, No. 181,547, date August 29, 1876; Campbell, No. 196,784, date November 6, 1877; Durkin, No. 202,160, date April 9, 1878; Campbell et al., No. 228,443, date June 8, 1880; Fitzberger, No. 463,963, date November 24, 1891; Ham, No. 614,386, date November 15, 1898; MacGregor, No. 1,002,290, date September 5, 1911; French patent, No. 423,450, date February 16, 1911. In rejecting these claims the examiner said:

"Claims 1, 2, and 3 present no invention over Durkin, Campbell et al., Campbell, Wehrle, Fitzberger, or the French patent, above cited. Claim 4 merely aggregates with claim 3 the matter of the screen and specifies securing means. The addition of a screen broadly to protect any pane of glass is obvious, while the substitution for the cap-securing means of Fitzberger or French patent of devices shown to be old in Ham and MacGregor involves a mere substitution of equivalents."

To overcome the objections thus made by the Patent Office, the applicant then presented a single claim for a patent upon his device, which claim reads as follows:

"A frame comprising one-piece frame members, having flat *portions* frame members having formed thereon upwardly extending supporting portions

adapted to serve as a support for a cap and screen, spaced downwardly extending portions forward on said supporting portions, said last described portions having upwardly opening channels formed at their lower ends, adapted to support a glass pane and carry water, a protecting screen supported on said upwardly extending portions, clamping devices extended upwardly between said upwardly and downwardly extending portions and through said screen."

Which claim was finally allowed by the Patent Office in lieu of the four rejected claims. Of the claim so allowed, Mr. Finckel, defendant's expert, testified that the claim is ambiguous, that it necessitates the addition of some further words in order to relieve the ambiguity, and unless the claim is so corrected it will not read upon the disclosure of the patent. The plaintiff's expert, Mr. McElroy, also admits in his testimony that there is an ambiguity or defect in the claim, and that it could be construed two ways. He first suggested the addition of the word "said" before the word "frame" in line 2 of the claim, and later suggested the insertion of "two or more of said" before the word "frame."

As originally presented, the word "portions" at the beginning of line 2 was not in the claim, and of the claim as presented the Commissioner of Patents, in his letter of November 4, 1914, to counsel for the patentee, said:

"The claim as now presented cannot be understood in view of the fact that something has apparently been omitted in line 2 of said claim. Further action on the merits is impossible until an intelligible claim is presented."

November 13, 1914, counsel for the applicant wrote the Patent Office as follows:

"In response to office action November 5 [4], 1914, in the claim, line 2, after 'flat,' insert 'portions.'"

November 24th the Patent Office wrote counsel for the applicant as follows:

"In response to amendment of November 17 [13], 1914, the brief description of Fig. 4 has not been supplied. The drawings filed show a view designated Fig. 4. This view is apparently a section taken on a plane parallel with that on which Fig. 3 is taken, but not cutting the clamping devices."

November 27th counsel for the applicant again wrote the Patent Office as follows:

"In response to office action of November 24, 1914. Page 2, after line 10, insert: Figure 4 is a sectional view taken on a plane parallel with that on which Figure 3 is taken, but not cutting the clamping devices." (This insertion seems not to have been made, but that is not deemed important.)

On April 6, 1915, the patent, with a single claim as above set out, was issued.

The above correspondence between counsel and the Patent Office is furnished by counsel for the plaintiff, from which it seems that the claim of the patent as issued, when first presented, was unintelligible to the expert examiners of the Patent Office, and the only correction made in it was to insert the word "portions" after the word "flat" in line 2 of the claim, and, as so corrected, the claim was allowed.

It was early held by the Supreme Court that whoever discovers tha'

a certain useful result will be produced in any article, machine, or manufacture by the use of certain means is entitled to a patent therefor, provided he shall specify the means he so uses to produce the result in a manner so full and exact that any one skilled in the art or science to which it appertains can, by using the means so specified, without any addition thereto or subtraction therefrom, produce precisely the result so described, and if this cannot be done by the means so described the patent is void. O'Reilly v. Morse, 15 How. 62, 119, 14 L. Ed. 601; Tilghman v. Proctor, 102 U. S. 707, 727, 26 L. Ed. 279. This in effect is the requirement of section 4886 et seq. of the Revised Statutes of the United States (Comp. St. 1916, § 9430 et seq.), and is a settled rule of the patent law. The substituted claim 4, which was finally allowed as the only claim of the patent in suit, is not alone sufficiently definite and certain to sustain such patent, and the plaintiff cannot now be heard to insist that the claim allowed shall be so construed as to include therein what was rejected by the Patent Office, or is disclosed by the prior devices. Corbin v. Eagle Lock Co., 150 U. S. 38, 40, 14 Sup. Ct. 28, 37 L. Ed. 989; Computing Scale Co. v. Automatic Scale Co., 204 U. S. 609, 617, 27 Sup. Ct. 307, 51 L. Ed. 645; National Hollow B. B. Co. v. International B. B. Co., 106 Fed. 693, 714, 45 C. C. A. 544; Boss Manufacturing Co. v. Thomas, 182 Fed. 811, 813, 105 C. C. A. 243.

[4-6] The making of skylight windows and frames for photograph galleries and various other buildings had long been practiced throughout the United States before the plaintiff's assignor entered the field in making such devices. His application is for a narrowly limited improvement in old devices and must be strictly limited to the claims of the patent. The only element upon which the claim of the patent as finally allowed can rightly be upheld as an invention is the upwardly and downwardly extending devices upon certain of the flat members of the frame, adapted to support a glass pane, a screen to protect the same, and clips or clamping devices to hold the same in place. As the Patent Office said of original claim 4:

"It merely aggregates with claim 3, the matter of the screen and specific securing means. The addition of a screen broadly to protect any pane of glass is obvious, while the substitution for the cap securing means of the Fitzberger or French patent, in devices shown to be old in Ham and MacGregor, involves a mere substitution of equivalents."

In view of the ambiguity and uncertainty of the claim, as held by the Patent Office, and as testified by the experts of both plaintiff and defendant, the insertion of the word "portions" (whatever they may be) at the place indicated, at the instance of the patentee, does not relieve it of its ambiguity and uncertainty. As finally allowed the claim differs somewhat in its phraseology from the claims of the Fitzberger patent; but it is intended to accomplish the same results and in substantially the same manner, and in view of the prior art is not invention. As applicable to the claim of this patent, as finally allowed, I may quote from the recent decision of the Supreme Court in Railroad Supply Co. v. Elyria Iron & Steel Co., 244 U. S. 285, 293, 37 Sup. Ct. 502, 505 (61 L. Ed. 1136), as follows:

"Clearly persuaded as we are that the slight variations claimed for the patents in suit from the plates which had gone before do not constitute patentable invention, * * * we content ourselves with adopting as comment not to be improved upon in such a case as we have here the following from a former decision of this court: 'The design of the patent laws is to reward those who make some substantial discovery or invention, which adds to our knowledge and makes a step in advance in the useful arts. Such inventors are worthy of all favor. It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea, which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures. Such an indiscriminate creation of exclusive privileges tends rather to obstruct than to stimulate invention. * * * It embarrasses the honest pursuit of business with fears and apprehensions of concealed liens and unknown liabilities to lawsuits and vexatious accountings for profits made in good faith.' Atlantic Work v. Brady, 107 U. S. 192, 200 [2 Sup. Ct. 225, 27 L. Ed. 438]."

The testimony in this case shows without substantial dispute that a skylight frame or device substantially like that now made by the plaintiff, and which it claims is infringed by the defendant, was made and used at different places in the United States more than two years prior to the filing of the application for the patent in suit; but, in view of the indefiniteness and uncertainty of the claim in question, the invalidity of the patent is not made to rest alone upon this ground, as I am constrained to hold the patent in suit void for indefiniteness and uncertainty of the claim, and its lack of invention.

The petition, so far as it seeks recovery for infringement of the patent, is also dismissed for want of equity, and at plaintiff's costs. It is accordingly so ordered.